Read, J.
The 1st section of the act relating .to jurors, provides that they shall be judicious persons having the qualification of electors. Fifteen qualified persons compose the grand jury, (§ 4.) Twelve of said jurors must agree before a bill of indictment or presentment shall be found, (§ 12.) No'man shall be put to answer any criminal charge but by presentment, indictment or impeachment. No persons can find an indictment but a grand jury. It requires fifteen qualified persons to compose' a grand jury. A less number is not a grand jury. Fourteen are not a grand jury. Fifteen not having the requisite qualifications are not a grand jury. Fifteen persons, some having the legal qualifications and others not, cannot constitute a grand jury. Hence in this case, if the plea be true — and its truth is admitted by the demurrer.— the indictment was not found by a grand jury. That which is claimed to be a grand jury was only composed of fourteen persons having the requisite qualifications. The fact that twelve of the grand jury may find a true bill is no answer to the objection. That does not prove' that a less number than fifteen qualified persons can compose a grand jury. Hence no indictment in this case was ever found by a grand jury, because there was no grand jury to pass upon it. Hence that which purports to be an indict *225 ment was no indictmnt, and the party charged could not be put upon trial to answer. It should have been quashed or set aside as a nullity.
But it is said the'objection comes too late. No objection can come too late, which discloses the fact that a person has been put to answer a crime in a mode violating his legal and constitutional rights. ' The'doctrine of waiver has nothing to do with criminal prosecutions. No person can be put upon his defence on the charge of crime,1 or ber be convicted of crime, except in the exact mode prescribed by law. And whenever it shall be made manifest, in the progress of a criminal prosecution, that the legal rights of the person charged have been.violated, the Court will permit the accused to have the benefit of the error.
It is said the prisoner might have exerted his right of challenge to the poll or the array. He might not know that he'was charged with crime, or that a bill would be found. But, apart from all this, the Court have the power only to try a person who has been indicted for crime. What an indictment is, is matter of law. Who shall constitute a grand jury, how it shall be summoned, composed and organized, is all matter of positive law. No man can, by his consent or will, constitute a grand jury. No man, by express consent, can confer jurisdiction upon the Court to try him for crime. No man, by express consent, can make that an indictment, authorizing the Court to try that which, in fact, was not an indictment. Much less could that be converted into an indictment which, in law, was not, by implied consent, derived from waiver or plea. Suppose that a paper, in the form of an indictment, should be put upon file, not purporting to be bound by a grand jury, could the person charged, by entering a plea of not guilty, confer upon the Court power to try and sentence him ? No one would pretend it.
Yet it is contended that if you-have the form and not the substance, that lack of vigilance or mistake to take advantage of it at the right moment, or in a wrong mode, will convert the shadow into a reality. This is neither true in reason or sound in law; and it is time, in criminal prosecutions, that the whole *226 cob-web of legal fiction and technical inference against the ac- ’ cused should be stricken down.
The plea, in this case, is a complete answer why the accused should not be put upon his trial. It goes to the whole matter, that there is no indictment, that there was no grand jury. It is admitted that there was no grand jury if the aceused had said so in time. How can his delay make that a grand jury which was not so by law. It is not the accused that makes a grand jury, but the statute. The demurrer to the plea should have been overruled, and the indictment quashed. We are aware that authorities are to be found upon both sides of this question, but we regard it as perfectly clear.
The objections which were taken to the charge of the Court to the jury, we do not think it necessary now to consider.

Demurrer to the plea overruled, and judgment reversed.