\* BALTIMORE & OHIO RAILROAD CO. ET AL. v. RICHARD F. COLLINS,
ADMR.

1. LIMITATION OF SEC. 4988, REV. STAT.—ATTEMPTED SERVICE.

> The limitation of sec. 4988, Rev. Stat., providing that an attempt to commence an action shall be deemed equivalent to the commencement thereof, where the party diligently endeavors to procure a service, if such attempt is followed by service within sixty days, begins to run from the attempt to make the service, and not from the time when the court determines that the original service is defective.

2. ACTION FOR WRONGFUL DEATH—MUST BE WITHIN TWO YEARS.

> An action for wrongful death, where service of summons upon defendant railway company was defective, and a later service was not made within sixty days from the attempted service, and not until after the expiration of the two years in which such action must be brought, is not within or saved by sec. 4991, Rev. Stat., providing that if, in an action commenced in due time, the plaintiff fail otherwise than upon the merits, a new action may be commenced within one year. In such a case, the court is without jurisdiction.

3. TRIAL ON MERITS DOES WAIVE QUESTION OF JURISDICTION.

> Defendant in an action for wrongful death may question the jurisdiction of the court over his person, and, if the court decides adversely to him, may defend on the merits of the case without waiving the question of jurisdiction.

HEARD ON ERROR.

*Kibler & Kibler*, and *Judge J. H. Collins*, for plaintiffs in error.

*J. A. Flory*, for defendant in error.

ADAMS, J. (Orally.)

This action was brought in the court below by Collins against the Baltimore & Ohio Railroad Company to recover damages for the wrongful death of one Frank Priest, alleged to have been caused by the negligence of the railroad company, the accident and the killing of Priest occurring on November 11, 1895.

The petition against the Baltimore & Ohio Railroad Company was filed on June 30, 1896. Summons was issued the same date, and served July 2, 1896, on a man by the name of Parks, the freight agent of Messrs. Cowen and Murray, the receivers of the Baltimore & Ohio Railroad Company. On August 8, 1896, the railroad company, not entering its appearance for any other purpose, filed its motion to quash that service of summons. The cause was continued from term to term, and on November 9, 1897, an amended petition was filed against both the Baltimore & Ohio Railroad Company and the Centrial Ohio Railroad Company, as reorganized, and summons was issued for the Central Ohio Railroad Company, directed to the sheriff of Licking county, Ohio, but that summons was served by the sheriff of Franklin county, Ohio, on J. H. Collins, president of the Central Ohio Railroad Company. A motion to quash this service was filed on December 8, 1897. On March 5, 1898, these motions were heard, and the motions were sustained on

---

*Affirmed by the Supreme Court, October 9, 1900, unreported.

Railroad Co. v. Collins.

March 5, 1898. On March 7, 1898, summons was issued to the sheriff of Franklin county, Ohio, for both companies, and served on March 10, by serving copies on J. H. Collins, the president of the Central Ohio Railroad Company. On April 6, 1898, both companies filed motions to quash this service of summons. Those motions were overruled, and exceptions taken. Issues were made up and the cause tried, resulting in a verdict in favor of the plaintiff below. The railroad companies prosecute error here, and, among other errors assigned here, is the action of the court, on April 6, 1898, in overruling these motions to quash the service.

It is contended, as to the service on the Baltimore & Ohio Railroad Company, made on the freight agent of the receivers, and the service by the summons issued to the sheriff of Licking county and served by the sheriff of Franklin county, even though they be defective, yet they were attempts to obtain service, that they were followed by actual service within sixty days, and, therefore, that the companies are in court.

It will be noticed here that the original attempt to serve the Baltimore & Ohio Railroad Company, where the service was on the freight agent of the receivers of the company, was on July 2, 1896; and that no further attempt was made to serve the Baltimore & Ohio Railroad Company until March 7, 1898.

It must be also noted that the original service, on the Central Ohio Railroad Company was on November 9, 1897, and that no further service was made on them until March 10, 1898, nearly four months after the original attempt to serve them.

Section 4988, Rev. Stat., provides: "An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the party diligently endeavors to procure a service; but such attempt must be followed by service within sixty days."

When does the sixty days begin to run? Does it begin to run, as contended by counsel for defendant in error here, from the time when the court determines that the original service is defective, or, does it run from the attempt to make the service?

We think the language of the statute clearly means that the sixty days is to be computed from the attempt to make the service. The language is: "But such attempt must be followed by service within sixty days." In other words, a party cannot have a summons issued and have the service made in a manner in no way authorized by statute, and then stand by for six months or a year, or two years, and then, when the court says that that unauthorized service is defective, make another service within sixty days. The sixty days must be computed from the attempt to make the service.

But counsel say that it is saved by the provisions of sec. 4991, Rev. Stat; and that section provides:

"If, in an action commenced, * * * in due time, a judgment for the plaintiff be reversed, or the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has, at the date of such reversal or failure, expired, the plaintiff, or, if he die, and the cause of action survive, his representatives may commence a new action within one year after such date; and this provision shall apply to any claim asserted in any pleading by a defendant."

That is to say, if the court of common pleas was right in its action on March 5, 1898, in sustaining both the motions to quash the service

of summons, that there the plaintiff had failed otherwise than upon the merits, and that he could commence his action anew within a year from that date, and that he could do that as well by issuing a summons in the action in which he had failed as by bringing a new action within the time limited.

I read from Baltimore & Ohio Railroad Co. v. Fulton, Adm'r, 59 Ohio St., 575 page 577 (and although what is said by the Supreme Court there may be said to be a *dictum*, yet the court collect the authorities, and give such a strong intimation of what the law on the subject is in this kind of an action, that we think it has the force of a point decided by the Supreme Court that was directly in controversy):

"Much can be said in favor of the proposition that the provisions of sec. 4991, Rev. Stat., do not apply to a case of this kind. For whilst it may be admitted that the plaintiff failed in the circuit court otherwise than on the merits, still there is much reason and authority for saying that the limitation of two years, fixed for bringing an action, for causing death by wrongful act, is a part of the right of action itself, and not merely a limitation of the remedy, and that the action cannot therefore in any case be brought after the time limited has expired. Hill v. New Haven, 37 Vt., 501; Taylor v. Iron & Coal Co., 94 N. C., 525; Cavanagh v. Steam Navigation Co., 13 N. Y., Supp., 540; Hanna v. Railroad Co., 32 Ind., 113; Railway Co. v. Hine, 25 Ohio St., 629, 634; as apparently *contra*, see Meisse v. McCoy, Adm'r., 17 Ohio St., 225, though the point was not there made."

Then the court say: "But as we do not dispose of the case on this ground, no further consideration will be given it."

As we understand it, the court there reiterate the doctrine of the case in Railway Co. v. Hine, 25 Ohio St., 629, that the so-called limitation of two years in which actions for wrongful death must be brought is a part of the cause of action itself, and it is not merely a statute of limitations.

That being so, and the Supreme Court, in this late case, having reiterated that rule, and this later service not being within sixty days from the attempted service, and the two years having passed long before this last service was made, it follows that the court of common pleas had no jurisdiction of these two defendant companies.

It is said in argument here that they entered their appearance and waived this matter by going to trial upon the merits. We do not understand that to be the law. A party can question the jurisdiction of the court over his person, and, if the court decides adversely to him on that, he can defend on the merits of the case, and he does not waive the question that he has made as to the court's jurisdiction of his person.

We were cited to a decision that this court rendered a number of years ago in the case of Hoskinson v. Hupp, unreported. In that case Hoskinson questioned the jurisdiction of the justice of the peace over his person. The justice, having ruled adversely to him on that question, judgment was rendered before the justice of the peace, and no error was prosecuted from the action of the justice on his ruling as to his jurisdiction over Hoskinson. Later on, an independent action was brought by Hoskinson to enjoin the judgment that had been rendered in the other action on the ground that the justice had no jurisdiction, and this court held that the second action could not be maintained.

Railroad Co. v. Collins.

In the case at bar, these defendants are questioning the jurisdiction over their person in the very action in which they asked the court of common pleas to rule on that jurisdiction.

We think the court of common pleas erred in overruling these motions to quash this service; and, there being no jurisdiction of the person, it had no jurisdiction to render any judgment. So that the judgment is reversed, and the cause is remanded, with instructions to dismiss the action for want of jurisdiction of the person of the two railroad companies.

By Mr. Flory: And finding that there is no other error? By Judge Adams: We have passed on no questions except those indicated. We have in mind the provision of the statute, and we do not think that applies in a case where there is no jurisdiction of the person, or subject-matter.