## TIME FOR BRINGING ACTIONS FOR WRONGFUL DEATH.

### Common Pleas Court of Licking County.

RICHARD F. COLLINS, ADMINISTRATOR OF THE ESTATE OF FRANK PRIEST, DECEASED, v. THE BALTIMORE & OHIO RAILROAD COMPANY ET AL.

Decided, January Term, 1910.

*Limitations of Actions—Where Damages are Sought for Wrongful Death —Saving Clause of Section 11233 Not Applicable—Section 10772-3 Contains Its Own Limitation.*

The limitation contained in Section 10773, that every action based on a claim for wrongful death shall be brought within two years, is a part of the right of action itself and not merely a limitation on the remedy; and the saving clause of Section 11233, relating to causes commenced or attempted to be commenced in due time but which have failed for some reason other than on the merits, is without application in such a case.

*Flory & Flory* and *Hunter & Hunter,* for plaintiff.
*Kibler & Kibler,* contra.

SEWARD, J. (orally).

This is a suit brought under the section of the statute providing for suits where death results from negligence. A suit was brought, or attempted to be brought, more than two years prior to the time that this suit was commenced; that is, a petition was filed and a summons issued. The summons, in place of being issued to the sheriff of Franklin county, where the defendant resided, was by mistake issued to the sheriff of Licking

county, and sent to the sheriff of Franklin county, as the court recollects it, and service was made, and the circuit court held that that was not a good summons, and substantially held that there was no suit commenced, and it went to the Supreme Court and that judgment was affirmed.

Now a new petition is filed and a new case commenced against the same parties, and the answer sets up the former suit as a bar to this suit which is now pending.

The reply says that on the 30th day of June, 1896, the plaintiff filed his petition and commenced his action against the defendant, the Baltimore & Ohio Railroad Company, in the Court of Common Pleas of Licking County, Ohio, setting forth the same cause of action and facts set forth in the petition herein, and asking to recover damages thereon. Such proceedings were had therein that on the 9th day of November, 1897, this plaintiff, by leave of court, duly filed his amended petition and commenced his action thereon against both the defendants herein, setting forth the same facts and seeking to recover the same damages set forth and sued for in this action.

Such proceedings were had in said action that at the January, 1899, term of said court the plaintiff recovered a verdict and judgment in said court against the defendants herein for the sum of fifteen hundred dollars.

Thereupon said defendants, the Baltimore & Ohio Railroad Company and the Central Ohio Railroad Company, as re-organized, commenced and prosecuted in the Circuit Court of Licking County, Ohio, their proceeding in error to reverse said judgment of the court of common pleas, rendered against them and in favor of the plaintiff; and such proceedings were had in said circuit court that said circuit court, on the 10th day of April, 1900, reversed and set aside said judgment of the court of common pleas rendered in favor of this plaintiff and against these defendants, and dismissed plaintiff's petition and action otherwise than upon the merits, and for the sole and only reason that the clerk of said court of common pleas made a mistake in issuing the summons in said case, and that the sheriff made a mistake in the service of the summons in said case, and for no other reason whatever.

Now, this reply claims that they have a right to bring this action under the saving clause in the statute; and the court might say—I do not know that that matter is raised, but the court does not believe that it is a good way to state the commencement of an action, "that on the 30th day of June, 1896, he duly filed his petition and commenced his action against the defendant." The statute says what shall constitute the commencement of an action, and I think the pleader should set out what was done, and let the court determine whether he comes within the provisions of the statute; and if a motion had been filed to that effect; the court would have sustained it. He pleads a conclusion of law—that he commenced an action. Now, the statute says what shall be deemed the commencement of an action. But that is the way the pleading stands.

Section 4987 reads:

"An action shall be deemed commenced, within the meaning of this chapter, as to each defendant, at the date of the summons which is served on him, or on a defendant who is a joint contractor, or otherwise united in interest with him; and when service by publication is proper, the action shall be deemed commenced at the date of the first publication, if the publication be regularly made."

If the pleader had set out that a summons was issued and on a certain date served, that would be the commencement of an action under the statute.

Section 4988: "An attempt to commence an action shall be deemed equivalent to the commencement thereof, within the meaning of this chapter, when the party diligently endeavors to procure a service; but such attempt must be followed by service within sixty days."

Section 4991 is the saving clause upon which the pleader relies, and that reads as follows:

"If, in an action commenced, or attempted to be commenced in due time, a judgment for the plaintiff be reversed, or if the plaintiff fail otherwise than upon the merits, and the time limited for the commencement of such action has, at the date of such reversal or failure, expired, the plaintiff or, if he die and the

cause of action survive, his representatives may commence a new action within one year after such date, and this provision shall apply to any claim asserted in any pleading by a defendant.''

Now, this action is commenced under Section 6135, and the contention is that 6135 contains its own limitation, and that it is part of the right and not a part of the remedy. That is the contention in this matter. That is, it does not matter whether the plaintiff made a mistake or not; that under Section 6135 they must be held to bring their action within two years from the date of the injury—the date of the injury complained of. That section reads as follows:

''Every such action shall be for the exclusive benefit of the wife, or husband, and children, or if there be neither of them, then of the parents and next of kin of the person whose death shall be so caused; and it shall be brought in the name of the personal representative of the deceased person; and in every action the jury may give such damages, not exceeding in any case ten thousand dollars, as they may think proportioned to the pecuniary injury resulting from such death, to the persons respectively for whose benefit such action shall be brought. Every such action shall be commenced within two years after the death of such deceased person.'' ·

Now, it is the contention that this section of the statute has its own limitation, and that the other provision of the statute regarding limitation of the action has no reference to this kind of an action; that is, the action in any event must be brought within two years of the death of the decedent. There is a decision in the 17 Ohio State which would lead the court to believe that that is not true; and then we come to a decision in the 59 Ohio State, and I must say that I can not reconcile the decisions of the Supreme Court on this question. I possibly may be to blame about it; the 59 Ohio State, 577, *Railway Co.* v. *Fulton, Adm'r,* is an action very similar to this and was dismissed otherwise than upon the merits. The court will read from the opinion:

''The question we shall consider in this case arises upon the petition and a demurrer thereto. The petition by sufficient aver-

ment states a cause of action against the defendant for the recovery of damages by the administrator of Charles B. Fulton, for wrongfully causing his death on the thirteenth day of January, 1889. The suit was commenced January 19, 1894; and, as it thus appeared that the action had not been commenced within two years as prescribed by statute giving the right, Sections 6134 and 6135, Revised Statutes, the plaintiff to obviate this, further averred that on July 7, 1891, he, as such administrator 'commenced a civil action in this court, against defendant' [just as they do in the reply in this case], for the benefit of said parents and brothers and sisters for causing the death of said Charles B. Fulton, as aforesaid by the wrongful act, neglect and default of defendant heretofore explained, the cause of action herein being identical with that set forth in this petition. Such proceedings were had in said action that on August 3, 1891, in pursuance of the statute of the United States providing for the removal of causes from the state to federal courts, the defendant filed in this court a petition and bond for the removal of said cause into the Circuit Court of the United States in and for the Southern District of Ohio, Eastern Division, in which last named court said cause was so removed and filed, and remained pending until the sixth day of December, 1893."

This case is almost on all fours with the case at bar, except it was removed from the common pleas court to the United States court under the federal statute.

"The plaintiff failed therein otherwise than upon the merits by the same being disposed of by said court as follows, to-wit: "Said court dismissed said cause 'under the fifth rule of said court, said rule providing that cases which have been upon the docket for three general terms shall be stricken therefrom unless good cause be shown to the contrary.'

"The defendant demurred on the ground that the petition does not state sufficient facts to constitute a cause of action, and that it is insufficient in law. This was overruled and the defendant excepted."

The court say on page 577:

"Much can be said in favor of the proposition that the provisions of Section 4991, Revised Statutes, do not apply to a case of this kind [Section 4991 is the saving clause]. For whilst it may be admitted that the plaintiff failed in the circuit court

otherwise than on the merits, still there is much reason and authority for saying that the limitation of two years, fixed for bringing an action for causing death by wrongful act, is a part of the right of action itself, and not merely a limitation of the remedy, and that the action can not therefore in any case be brought after the time limited has expired.''

They cite a number of authorities here, and then say:

''As apparently *contra*, see *Meisse* v. *McCoy, Adm'r*, 17 Ohio St., 225, though the point was not made there. But as we do not dispose of the case on this ground, no further consideration will be given it.''

They indicate what they possibly would do, but they did not do it. This court will be bound by the obiter in the 59 Ohio State, and we'll give you gentlemen the benefit of an exception, and sustain the demurrer to this reply.

By Mr. J. A. Flory: We will take exceptions. We will get the Supreme Court to say whether the 17 Ohio State is good law or not. The dictum in this case and that one can not be reconciled.

By Edward Kibler: In that case in the 59 Ohio State, there was jurisdiction, and in this case there never was any.

The Court: That fact is not disclosed. The reply certainly is good if 4991 applies, because it says that an action was commenced.

By Mr. Flory: The question is all made, and judgment may be entered upon the demurrer, the plaintiff not desiring to plead further, and exceptions.

The Court: Judgment dismissing the petition, with exceptions.