## CONSTRUCTION OF THE STATUTE SAVING A CAUSE IN CASE OF REVERSAL.

Circuit Court of Cuyahoga County.

PASQUALE PISCOPO, ADMINISTRATOR, v. THE NEW YORK, CHICAGO & ST. LOUIS RAILWAY COMPANY.

Decided, November 27, 1911.

*Wrongful Death—Failure Otherwise than on Merits—Ambiguous Phrases in Petition—Admissions in Reviewing Court.*

1. Under Section 11233, General Code, if a plaintiff in an action for wrongful death fails otherwise than upon the merits, he may commence another action upon the same cause of action within one year thereafter.

2 When the statements in a petition are ambiguous as to whether a former action was dismissed by the plaintiff or by the court, without prejudice, admissions in brief and oral argument made in a reviewing court that the dismissal was voluntary, will preclude said reviewing court from reversing a judgment on demurrer based upon such meaning of the ambiguous words.

*J. V. Zottarelli,* for plaintiff in error.
*John H. Clark,* contra.

WINCH, J.; MARVIN, J., and HENRY, J., concur.

Counsel for plaintiff in error gives the history of this case as follows:

"Umberto Giordano, deceased, was run over and instantly killed by the defendant on or about the 28th day of April, A. D. 1907. The plaintiff in error herein was duly appointed and qualified as administrator of said estate and filed against defendant in error, on the 6th day of December, A. D. 1907, his petition in the court of common pleas, said cause being known as No. 115577. *Said action was duly dismissed by said plaintiff in error in open court* upon the ground that the petition did not state sufficient material averment to constitute a cause of action. On the 21st day of September, A. D. 1909, *said plaintiff in error was allowed to dismiss said action without prejudice to a further action.* That a petition by the same plaintiff in error against the same defendant in error, in the same cause of ac-

tion was filed on the 28th day of October, A. D. 1909, within less than a year from the time of the dismissal of said action. On September 26th, A. D. 1911, the demurrer of defendant in error was sustained, and judgment rendered in favor of defendant in error.  On October 7th, 1911, plaintiff in error filed his petition in error in the circuit court.''

The demurrer was upon the ground ''that the cause of action, if any is stated, is barred by the laws of Ohio.''

When the present action was begun, more than two years had elapsed after the death of plaintiff's intestate, and so his right of action was gone unless saved under General Code, Section 11233, formerly Revised Statutes, Section 491, and originally Section 23 of the Code of Civil Procedure, which provides that if the plaintiff fails otherwise than upon the merits of an action commenced by him, and the time limit for the commencement of such action at the date of failure has expired, the plaintiff may commence a new action within one year after such date.

In answer to this, counsel for the railroad company cites a *dictum* of the Supreme Court, found in the case of *Railroad Co.* v. *Fulton, Admr.,* 59 Ohio State, 575, 577, as follows:

''Much can be said in favor of the proposition that the provisions of Section 4991, Revised Statutes (G. C., 11233), do not apply to a case of this kind.  For whilst it may be admitted that the plaintiff failed in the circuit court otherwise than on the merits, still there is much reason and authority for saying that the limitation of two years, fixed for bringing an action for causing death by wrongful act, is a part of the right of action itself, and not merely a limitation of the remedy, and that the action can not therefore *in any case* be brought after the time limit has expired.''

As sustaining this doctrine, the court cites *Railway Co.* v. *Hine,* 25 Ohio State, 629, 634, and says:  ''as apparently contra, see *Meisse* v. *McCoy, Admr.,* 17 Ohio State, 225, though the point was not there made.  But as we do not dispose of the case on this ground, no further consideration will be given it.''

What is now Section 11233 was not before the court in the Hine case; it *was* before the court in the McCoy case, and said case is in point and applicable here, unless what is said in the Fulton case discredits the authority of the McCoy case.

Later, however, we find the Supreme Court speaking of the McCoy case with favor. On page 35 of the opinion in the case of *Railway Co.* v. *Bemis*, 64 Ohio State, 26, Judge Spear says:

"That the code generally is to be liberally construed to promote the ends of justice, and that Section 4991 (now G. C. 11233), is entitled to the same liberal treatment, see *Meisse* v. *McCoy*, 17 Ohio State, 225," and other cases cited.

We therefore conclude that Section 11233 authorized the plaintiff to bring this action within a year after the dismissal of his former action, unless, for some other reason, he.is forbidden the advantage of said section.

In the case of *Siegfried* v. *Railroad Co.*, 50 Ohio State, 294, it was held:

"Where an action which has been commenced in due time, is dismissed *by the plaintiff* after the time limited for the commencement of such action has expired, a new action for the same cause, thereafter commenced, is barred, though commenced within one year after the dismissal of the former action. Such dismissal is not a failure in the action, within the purview of Section 4991 of the Revised Statutes." (Now G. C., 11233.)

The petition in this case is equivocal. It says that "said action was on the 21st day of September, A. D. 1909, dismissed without prejudice to further action." Whether it was dismissed by the court or by the plaintiff is uncertain. If by the court, it would be a failure in the action, within the purview of General Code 11233; if by the plaintiff, it would come under the rule laid down in the Siegfried case.

Were it not for the brief of counsel from which we quoted the history of the case and which solemnly states that "said action was duly dismissed by plaintiff in error in open court," we would apply the rule laid down in *Loudenbeck* v. *Collins*, 4 Ohio State, 251, and presume that the action was dismissed by the court.

Not only does plaintiff's brief in this court show that he himself dismissed said action, but his counsel made the same admission orally, and it appears that, from briefs in the files and from

his admissions in open court, the same statement was made to the court below when it passed upon the demurrer.

The court below, having sustained the demurrer to the petition, should have dismissed the petition, not alone on that ground, but upon the statement of counsel that he had voluntarily dismissed the former petition, and so was barred from filing a new petition because of the ruling in the Siegfried case.

We find no good reason for reversing the judgment herein on the equivocal language of the petition. Counsel has furnished an interpretation of that language, both to the court below and to this court, upon which he must stand. Interpreting it as meaning what he says it means, there was no error in sustaining the demurrer to it, and the judgment therein is affirmed.