## JOHN HANCOCK MUTUAL LIFE INSURANCE CO.
*vs.*
## ADVANCE REALTY CO. ET ALS.

Superior Court       Hartford County       File No. 65449

MEMORANDUM FILED JULY 1, 1941.

*Gross, Hyde & Williams,* of Hartford, for the Plaintiff.

*Buck & McCook,* of Hartford, for the named Defendant.

*Francis P. Rohrmayer,* of Hartford, for the other Defendants.

O'SULLIVAN, J.   The plaintiff has in its hands the sum of $19,535.20, representing the amount due under two insurance policies on the life of Henry J. Calnen, deceased.   The named defendant made claim for the money by virtue of an assignment of the policies which had been executed by the insured and the beneficiary to secure a loan of $11,757.56. The defendant beneficiary and three others, who had guaranteed payment of the loan, have each made claim to the fund

and the plaintiff is ignorant of the respective rights of the various defendants. Accordingly, it has brought this action, asking for an interlocutory judgment of interpleader. The named defendant has demurred on the ground that it is obvious from the allegations of the complaint that its codefendants have no valid claim to the fund.

An action in the nature of interpleader lies when one person has money or property in his possession which is claimed by two or more persons. *General Statutes* (1930) §5911; *Grand Lodge vs. Burns,* 84 Conn. 356, 363. The object of this form of action is to shield a stakeholder who is in doubt as to whom of two or more claimants he should pay the fund or deliver the property. The statute is aimed to protect debtors and custodians. It requires the court to which any complaint founded upon it may be brought, to "hear and dispose of all questions which may arise in such case", and by the provision for making not only all who claim to be "entitled to", but all who claim to be "interested in" the property in question, parties defendant, shows that its purpose is to secure a determination of every right, title or interest that can by possibility be set up. *Union Trust Co. vs. Stamford Trust Co.,* 72 Conn. 86, 93. A liberal construction has thus been placed upon the statute. A complaint in an interpleader action should allege only such facts as show that there are adverse claims to the fund or property and need not, in fact, should not, allege the basis upon which any claimant relies to justify his claim; the latter allegations are to be made in the statement of claim following the interlocutory judgment of interpleader. *Practice Book* (1934) p. 318.

The instances will be extremely rare where an interlocutory judgment will be denied when the plaintiff alleges the possession of funds to which two or more claim to be entitled. Of course they will arise, as, for example, where a policy of life insurance names a beneficiary but also provides that the insurer may pay any one of several classes of persons. If the beneficiary and another claim the fund, interpleader will be inappropriate. But the instant case is not an exception inasmuch as it is conceded by demurrer that each of the defendants not only claims to have but actually has an interest in the proceeds of the policies.

Accordingly, the demurrer is overruled.