CHARLES F. DALEY v. BOARD OF POLICE COMMISSIONERS OF EAST HARTFORD ET AL.

MALTBIE, C.J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued June 4—decided June 26, 1947

*William S. Gordon, Jr.,* for the appellant (plaintiff).

*Ralph C. Dixon,* corporation counsel, for the appellees (defendants).

Brown, J.   On September 12, 1946, the plaintiff, a patrolman in the East Hartford police department, was notified by the defendant board of police commissioners that they had voted on September 9, 1946, that he be discharged from the department on charges preferred against him.   Claiming that this action by the board was unwarranted, the plaintiff on September 18, 1946, made "application to the Superior Court, now in session, in the nature of an appeal" from the order discharging him, asking that the court revoke it as of the date it was adopted.   On that same day two true and attested copies of the original appeal were served upon the town clerk of East Hartford and the original was returned to court.

This appeal to the Superior Court was taken under § 23 of the East Hartford charter.   20 Spec. Laws

1113, 1127. This provides: "Any officer of the department who shall have been removed by the board may make application to the superior court within and for Hartford county . . . in the nature of an appeal from such order of the board, which application shall be made returnable not more than six nor less than three days from the date of such order, and a copy thereof shall be served upon the town clerk at least forty-eight hours before the time to which it shall have been made returnable. Said court . . . having given such further notice as [it] may deem necessary, shall forthwith hear such application and may approve, modify or revoke such order. . . ." The defendants pleaded in abatement on the ground, among others, that a copy of the appeal was not served upon the town clerk within the prescribed forty-eight hours before the time to which it was made returnable. The appeal was transferred, pursuant to § 810f of the 1941 Supplement to the General Statutes, to the Court of Common Pleas, where the plaintiff filed an answer to the defendants' plea in abatement admitting that the copy of the appeal was not so served but denying that the defendants were prejudiced thereby. The only material issue raised was whether the fact so admitted entitled the defendants to judgment on the plea. The plaintiff's claim is that this provision as to service upon the town clerk is directory merely and not mandatory, and that, since a citation issued by the Superior Court directing that another copy be served upon the town clerk seven days before hearing was complied with, the purpose of notice to him was fulfilled and the defendants could not have been prejudiced.

Notice is not, however, the sole purpose of the requirement in question. In fact, that this is not nec-

essarily its essential purpose is indicated by the ensuing provision for the giving of "such further notice" as the court may deem necessary. In view of the nature of the proceeding, it sufficiently appears that, while the appeal provision is designed to afford the plaintiff protection as to his rights, it is likewise intended to insure that this will be accomplished expeditiously when he resorts to such an appeal. Accordingly, the forty-eight hour provision in question, in connection with the six-day limit as to the time when the appeal shall be returnable, is to enable the defendant board to know within four days if its order of dismissal lacks finality. "Statutes and special laws . . . fixing a rather brief time in which appeals may be taken to the courts from the orders and decisions of administrative boards are evidently designed to secure in the public interest a speedy determination of the issues involved; and to make it possible to proceed in the matter as soon as the time to take an appeal has passed if one has not been filed." *Carbone* v. *Zoning Board of Appeals of Hartford,* 126 Conn. 602, 607, 13 A. 2d 462.

Manifestly this principle requires at least as strict an enforcement of the provision in question as is called for by § 5462 of the General Statutes prescribing when process returnable to this court, the Superior Court and the Court of Common Pleas shall be served. That statute is mandatory and failure to comply with its requirements as to the time when process shall be served renders the proceeding voidable and subject to abatement. 1 Freeman, Judgments (5th Ed.), p. 697; see 33 C. J. 1093, note 78a; 49 C. J. S. 63, note 36. There is no decision by this court to the contrary. The fact that in so few cases since the original enactment in 1744 has it had oc-

casion to refer to this provision, as well as the language used when it has done so, is indicative that the statute's requirements have been deemed too plain for question. That our rule is as above stated is now well settled. *Chevalier* v. *Wakefield*, 85 Conn. 374, 375, 82 A. 973; *Gaylord* v. *Payne*, 3 Conn. 258. Our rule is in accord with that in other jurisdictions. See *Meisse* v. *McCoy*, 17 Ohio St. 225; *Dutton* v. *Hobson*, 7 Kan. 196, 198; *Rainford* v. *Newport*, 83 N. H. 465, 144 A. 70. The court was correct in sustaining the plea in abatement.

There is no error.

In this opinion the other judges concurred.