On June 19, 1991, the plaintiff, Milford Hospital, Inc., filed a one-count collection action against the defendant, Ravenna Ukeles, seeking payment for care and services provided to the defendant by the plaintiff hospital. By papers filed December 13, 1991, Ukeles moved to implead Federal Employees Blue Cross/Blue Shield as third party defendant. Ukeles attached to her motion a copy of her two-count third party complaint against Federal Employees Blue Cross/Blue Shield, and a copy of a proposed order granting Ukeles' motion to implead leaving blank spaces for the court to fill in the date by which service was to be made upon Federal Employees Blue Cross/Blue Shield and the return date.
The court, Flynn, J., granted Ukeles' motion and ordered Ukeles to serve a copy of her third party complaint on Federal Employees Blue Cross/Blue Shield by January 30, 1992, with a return date of February 11, 1992. CT Page 5427
On February 19, 1992, Federal Employees Blue Cross/Blue Shield (the "third party defendant") filed an appearance. On March 5, 1992, the third party defendant filed a timely motion to dismiss the third party complaint on the grounds of insufficiency of process and insufficiency of service of process, accompanied by a memorandum of law and an affidavit. The third party defendant asserts that, contrary to the court's order, the third party complaint was not served until February 6, 1992, less than twelve days prior to the return date of February 11, 1992 in violation of General Statutes 52-46. The third party defendant further asserts that service was made upon "Blue Cross Blue Shield of Connecticut, Inc.", which is not the statutory agent for, nor is it authorized to accept service on behalf of, an entity known as "Federal Employees Blue Cross/Blue Shield." The third party defendant submitted the affidavit of Janet Coderre, an employee of Blue Cross Blue Shield of Connecticut, Inc., in support of its motion to dismiss.
Ukeles did not file a memorandum in opposition to the third party defendant's motion to dismiss; instead, Ukeles filed a "Motion for Amendment By Right" seeking to amend the return date to February 25, 1992.
A motion to dismiss is the appropriate vehicle for challenging the court's jurisdiction. Practice Book 142; see Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509
(1985). "The motion to dismiss shall be used to assert . . . . (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book 143.
If a motion to dismiss does not seek to introduce facts outside of the record, it admits all facts well pleaded. Duguay v. Hopkins,191 Conn. 222, 227, 464 A.2d 45 (1983). The complaint is construed most favorably to the plaintiff. American Laundry Machinery, Inc. v. State, 190 Conn. 212, 217, 459 A.2d 1031
(1983). However, where, as here, a motion to dismiss is accompanied by a supporting affidavit containing undisputed facts, the court may look to its content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint. Barde v. Board of Trustees,207 Conn. 59, 62, 539 A.2d 1000 (1988).
General Statutes 52-46 provides in pertinent part that, "[c]ivil process, if returnable to the superior court, [shall be served] at least twelve days, inclusive, before [the] day [of the sitting of the court]." Statutory requirements as to the time when process shall be served are mandatory. Daley v. Board of Police Commissioners,133 Conn. 716, 719, 54 A.2d 501 (1947). Failure to comply with statutory requirements as to service of process renders CT Page 5428 the proceeding voidable and subject to abatement (dismissal). Id. Thus, if a defendant is served less than twelve days before the return date, he is entitled to have the action abated. Second Taxing District, City of Norwalk v. Department of Revenue Services,1 CSCR 193, 194 (March 12, 1989, Aronson, J.); see Daley v. Board of Police Commissioners, supra. It is clear that the improper service in this case is a substantial defect which cannot be cured by amendment unless waived by the third party defendant. See Second Taxing District, City of Norwalk v. Department of Revenue Services, supra. Accordingly, such a defect cannot be cured by amendment pursuant to General Statutes 52-72. Id. Rather, Ukeles should instead commence a new action in which she should serve the correct entity within the time specified in General Statutes 52-46 and return the process to the court within the time specified in General Statutes 52-46a. It is therefore found that since Ukeles failed to timely serve the third party defendant at least twelve days prior to the return date, the third party defendant's motion to dismiss should be granted and Ukeles' motion to amend her process to change the return date should be denied.
The third party defendant also claims that Blue Cross Blue Shield of Connecticut, Inc., the party served, is not the statutory agent for, nor is it authorized to accept service on behalf of an entity known as "Federal Employees Blue Cross/Blue Shield, " which is named as the third party defendant in this case. The third party defendant has filed the affidavit of Janet Coderre in support of this contention. It is noted that Ukeles filed no memorandum of law in opposition to the third party defendant's motion to dismiss, nor did she present affidavits or any other evidence which would show that the party served, Blue Cross Blue Shield of Connecticut, Inc., is the statutory agent or otherwise authorized to accept service for "Federal Employees Blue Cross/Blue Shield" which Ukeles has named as the third party defendant in this action. It is therefore found that because the plaintiff has not filed anything to contest the third party defendant's claim, the court may look to the content of the affidavit submitted by the third party defendant "for determination of the jurisdictional issue." See Barde v. Board of Trustees, supra. It is therefore found that the court should also grant the third party defendant's motion to dismiss on this ground.
It is found that the third party defendant's motion to dismiss should be granted on both grounds asserted by the third party defendant. It is found that Ukeles' motion to amend her process to change the return date should be denied. CT Page 5429