[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS
The plaintiff, Kathleen Helming DeGeorge allegedly resides in Connecticut and commenced this action bearing a return date of March 30, 1993, seeking a dissolution of the parties' marriage. The defendant, Rick E. DeGeorge is a resident of Lancaster, Pennsylvania.
By order of notice dated and signed by a clerk of this court February 17, 1993, the plaintiff was ordered to serve notice of this action by personal service upon the defendant "a copy of the writ, summons and complaint and order of notice by a person authorized for the service of process in the State of Pennsylvania no later than 12 days prior to the return date." It was further ordered that return of such service be made to the Superior Court for the Judicial District of Litchfield at Litchfield.
The plaintiff served the original writ, summons, complaint and order of notice upon the defendant, in hand, in Lancaster, Pennsylvania, on March 2, 1993. The service of these originals, all of which bore a return date of March 30, 1993, failed to comply with the order of notice, which instructed the plaintiff to serve copies of the aforementioned papers. Affidavit of defendant ("Affidavit"), paragraph 4. The defendant has retained this original writ, summons, complaint and order of notice, and is currently in possession thereof. Affidavit, paragraph 5.
Apparently realizing her error, the plaintiff created new originals of the writ, summons, complaint and order of notice and predated the same so that said papers would appear to be identical to those served March 2, 1993 upon the defendant. Copies of these new originals, all of which bear the March 30, 1993, return date, were then served upon the defendant in Lancaster, Pennsylvania, CT Page 8241-G in hand, on March 29, 1993, one day prior to the return date in this action. Affidavit, paragraph 6. These "new" originals were subsequently returned to this court with the March 2, 1993 and March 29, 1993, sheriffs' returns annexed thereto.
The sheriff's return dated March 29, 1993, indicates that it "is docketed only so that a copy can be served in addition to the original that was inadvertently served." The plaintiff would like this court to believe that she merely re-served the same complaint. However, contrary to the sheriff's assertion, the copies served on March 29, 1993, the originals of which have been filed with the court, could not possibly be identical to those served on the defendant on March 2, 1993, as the originals in the court's file, copies of which were served on March 29, 1993, did not exist on March 2, 1993. The only originals in existence on March 2, 1993, are currently in the defendant's possession. Affidavit, paragraph 5. Apparently, the plaintiff created new originals and pre-dated the same to create the appearance that these are the same papers initially served upon the defendant. Moreover, the plaintiff apparently annexed to these "new" originals a copy of the order of notice signed weeks earlier by a clerk of this court. Then, on April 6, 1993, seven (7) days after the return date in this action, the plaintiff returned to his court what are purported to be the originals of papers served upon the defendant on March 2, 1993.
The motion to dismiss is provided for in Practice Book 142-146, and is the proper manner by which to challenge the court's jurisdiction. Practice bock 142; Zizka v. Water Pollution Control Authority, 195 Conn. 682, 687, 490 A.2d 509 (1985). "The motion to dismiss shall be used to assert . . . (3) improper venue, (4) insufficiency of process, and (5) insufficiency of service of process." Practice Book 143.
The defendant filed a motion to dismiss the plaintiff's complaint asserting improper venue, insufficiency of process and insufficiency of service of process. The plaintiff has not opposed the defendant's motion to dismiss.
Defects in the service or return of process are not circumstantial; General Statutes 52-123 is "not available to cure irregularities in the service or return of process." Rogozinski v. American Food Service Equipment Corp., 211 Conn. 431, 434,559 A.2d 110 (1989). Moreover, "[s]tatutory requirements as to the time when process shall be served are mandatory." Milford Hospital v. Ukeles, 7 CSCR 877. (August 3, 1992. McGrath, J.), citing Daley CT Page 8241-H v. Board of Police Commissioners, 133 Conn. 716, 719,54 A.2d 501 (1947). Indeed, the "[f]ailure to comply with statutory requirements as to service of process renders the proceeding voidable and subject to abatement (dismissal)." Milford Hospital, supra, citing Daley, supra.
Connecticut General Statutes 52-46 provides, in pertinent part that:
 Civil process . . . if returnable to the superior court, [shall be served] at least twelve days, inclusive, before [the] day [of the sitting of the court].
General Statutes 52-46; Milford Hospital, supra.
The plaintiff initially and improperly served the defendant with the original papers in this matter. There is no provision in the General Statutes permitting service of process with original papers; rather, said statutes require service of copies. See, e.g., General Statutes 52-52 (Orders of Notice); 52-54 (service of summons); 52-57 (manner of service). Moreover, the Order of Notice signed by a clerk of this court specifically instructed the plaintiff to serve the defendant with "a copy of the writ, summons and complaint and order of notice."
The plaintiff apparently realized she had erred with regard to the March 2, 1993 service by serving the defendant with originals and, consequently, she created new originals and re-served the defendant on March 29, 1993, one (1) day prior to the March 30, 1993, return date. Affidavit, paragraph 6. Notwithstanding that the plaintiff improperly created new originals and annexed a weeks-old order of notice to attempt to save her already improper service, service of these new papers clearly runs afoul of the mandatory time provisions of General Statutes 52-46.
The defendant, by this motion to dismiss, has not waived his right to contest the plaintiff's defective service of process, this action must be dismissed. See e.g., Milford Hospital, supra; Daley, supra.
In addition, this action must be dismissed because the plaintiff has failed to return process to the Superior Court at least six (6) days prior to the return date in accordance with General Statutes52-46a. That sections states, in pertinent part, that: CT Page 8241-I
 Process in civil actions . . . shall be returned . . . if returnable to the superior court . . . to the Clerk of [the superior court] at least six days before the return day.
General Statutes 52-46a; Rogozinski, supra, 433.
Like 52-46, 52-46a is also mandatory; Rogozinski, supra; and its language has been deemed "`too plain for question.'" Rogozinski, supra, quoting Daley, supra, 719-20. General Statutes 52-45a "is mandatory and failure to comply with [its] requirements . . . renders the proceeding voidable and subject to abatement." Rogozinski, supra. Additionally, as is the case with52-46, any defect in the return of process is not circumstantial and, therefore, may not be cured. Rogozinski, supra, 434.
Since the defendant has contested the plaintiff's defective return of process, this action must be dismissed. Rogozinski, supra.
Accordingly, for the foregoing reasons the defendant's motion to dismiss is granted.
Dranginis, Judge