[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO DISMISS NO. 101
CT Page 9912
The defendant moves to dismiss the plaintiff's action (#101) on the ground that this court lacks jurisdiction over the action due to insufficient service of process.
An appeal from a decision of a municipal board of tax review "shall be returnable at the same time and served and returned in the same manner as is required . . . in a civil action." General Statutes § 12-117a. Civil process, if returnable to the superior court, shall be served at least twelve days, inclusive, before the return day. General Statutes § 52-46. A statute that prescribes the time when process returnable to the superior court shall be served is mandatory and failure to comply with its requirements renders the action voidable and subject to a motion to dismiss.Daley v. Board of Police Commissioners, 133 Conn. 716, 719
(1947).
In the present case, process was returnable to the court on May 24, 1994. Process was served upon the defendant on May 18, 1994, seven days before the return day. Thus, process was not timely served.
In response to the defendant's motion to dismiss, the plaintiff argues that the motion should be denied because it was not timely filed within thirty (30) days of the filing of an appearance by the defendant. Practice Book § 144 provides in part that "[a]ny claim of . . . insufficiency of service of process is waived if not raised by a motion to dismiss filed . . . within the time provided by Sec. 142." Practice Book § 142 provides that "[a]ny defendant, wishing to contest the court's jurisdiction . . . must do so by filing a motion to dismiss within thirty (30) days of the filing of an appearance."
The defendant filed an appearance in this matter on June 10, 1994. On July 11, 1994, thirty-two days later, the defendant filed the present motion to dismiss. Although the defendant's motion appears to be untimely, the last day for the defendant to file the motion to dismiss was July 9, 1994, a Saturday. "If the last day for filing of any matter in the clerk's office of the superior court falls on a day on which such office is closed, then the last day for such filing shall be the next business day." General Statutes § 51-347c; Practice Book § 405. In the present case, the next business day on which the clerk's office was open CT Page 9913 was Monday, July 11, 1994. Thus, the defendant's motion to dismiss, filed on July 11, 1994, is in fact timely.
Accordingly, the court grants the defendant's motion dismiss on the ground of insufficient service of process, as process in the present case was not served at least twelve days before the return day, as mandated by General Statutes § 52-46.
SAMUEL S. FREEDMAN, JUDGE