[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
On July 19, 1994, the plaintiff, Compo Brothers, Inc., filed an application appealing a decision of the defendant, the Board of Tax Review of the City of Stamford, regarding the assessment CT Page 11336 of real property owned by the plaintiff. The town clerk of Stamford was served with process on July 15, 1994. The summons had a return date of July 26, 1994.
On August 11, 1994, the defendant filed a motion to dismiss on the ground of untimely service of process. The plaintiff on August 18, 1994 filed a request to amend the return date to August 2, 1994, to which the defendant filed an objection.[1]
"A motion to dismiss . . . `properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). "`Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person.'" Castro v. Viera, 207 Conn. 420, 433-34,541 A.2d 1216 (1988).
The defendant contends that the service of process was filed eleven days prior to the return date which is in violation of General Statutes § 52-46 and requires dismissal of the action. The plaintiff argues that its motion to amend the return date will correct the defect and thus make service proper.
Practice Book § 143 provides in pertinent part that `[t]he motion to dismiss shall be used to assert . . . insufficiency of service of process." General Statutes § 52-46 requires that "[c]ivil process, . . . shall be served . . . if returnable to the Superior Court, at least twelve days, inclusive, before such day." "`[S]tatutory requirements as to the time when process shall be served are mandatory.'" Helming-DeGeorge v. DeGeorge,8 CSCR 1209, 1210 (October 1, 1993, Dranginis, J.); see alsoMilford Hospital v. Uheles, 7 CSCR 877 (August 3, 1992, McGrath J.). Furthermore, "failure to comply with statutory requirements as to service of process renders the proceeding voidable and subject to abatement [dismissal]." Helming-DeGeorge v. DeGeorge,
supra, 1210, quoting Daley v. Board of Police Commissioners,133 Conn. 716, 719, 54 A.2d 501 (1947).
Service of process was made on the defendant on July 15, 1994 with a return date of July 26, 1994. Therefore, process was CT Page 11337 served eleven days prior to the return date in violation of General Statutes § 52-46.
The plaintiff argues that it has sought to amend the return date, pursuant to General Statutes § 52-72, to August 2, 1994, thus bringing service of process into agreement with § 52-46. Furthermore, the plaintiff contends that the court is constrained to grant that motion by the Supreme Court's decision in ConceptAssociates, Ltd. v. Board of Tax Review, 229 Conn. 618,642 A.2d 1186 (1994).
General Statutes § 52-72 provides in part that "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . . . (b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form." The court in Concept stated that "it appears that the statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected . . . . Indeed, this court has stated that the purpose of § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction . . . . The apparent intent of the legislature was to prevent the loss of jurisdiction merely because of a defective return date." (Citations omitted; internal quotation marks omitted.) Concept Associates, Ltd. v. Board of Tax Review, supra,229 Conn. 623. Moreover, "[b]ecause [52-72] pertains to jurisdiction, the statute relates to a matter of substance rather than mere convenience, and is therefore mandatory." Id., 626 n. 9.
The application of § 52-72 is predicated upon the return date being wrong, or defective for any other reason. General Statutes § 52-72(a). General Statutes § 52-48 provides that "[p]rocess in civil actions . . . brought to the Superior Court may be made returnable on any Tuesday in any month . . . . (b) All process shall be made returnable not later than two months after the date of process and shall designate the place where court is to be held."
The return date of this action is July 26, 1994, which fell on a Tuesday and was within the two months allowed for setting a return date. The return date chosen by the plaintiff was not wrong or defective. The plaintiff's untimely service of process does not result in creating a defect in the return date, for such CT Page 11338 a result would effectively abrogate the requirements of § 52-46. Moreover, in cases where the return of service was untimely "the courts have uniformly held that the defect cannot be cured by amendment." Arpaia v. Corrone, 18 Conn. App. 539, 540,559 A.2d 719 (1989); see also Bell v. Colson, 9 CSCR 368 (February 8, 1994, Hodgson, J.).
Accordingly, the plaintiff's motion to amend the return date is denied and the defendant's motion to dismiss is granted.
So Ordered.
Dated at Stamford, Connecticut, this 8th day of November, 1994.
WILLIAM BURKE LEWIS, JUDGE