[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiffs, Suzanne Barnett and Bruce Kelley, appealed a decision of the defendant Zoning Board of Appeals of the City of Stamford, granting a variance of the front yard setback requirement of the Stamford Building and Zoning Regulations to defendant Frank Boccuzzi. The citation had a return date of April 26, 1994, and the citation and appeal were returned to court on April 28, 1994.
On July 1, 1994, the defendant Boccuzzi filed a notice of appearance, and on July 12, 1994 he filed a motion (#103) to dismiss on the ground of untimely return of process. Practice Book § 142 provides that "[a]ny defendant, wishing to contest the court's jurisdiction, may do so even after having entered a general appearance, but must do so by filing a motion to dismiss within thirty days of the filing of an appearance . . . ." Thus, defendant Boccuzzi's motion was timely filed.
"A motion to dismiss . . .`properly attacks the jurisdiction CT Page 11221-X of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court.'" (Emphasis in original.) Gurliacci v. Mayer,218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624,461 A.2d 991 (1983). "`Facts showing the service of process in time, form and manner sufficient to satisfy the requirements of mandatory statutes in that regard are essential to jurisdiction over the person.'" Castro v. Viera, 207 Conn. 420, 433-34,541 A.2d 1216 (1988). "The late return of process renders the action voidable and, if the defendants choose not to waive the jurisdictional defect of a late return, the trial court must dismiss the action." Arpaia v. Corrone, 18 Conn. App. 539, 541,559 A.2d 719 (1989). "`Statutory limitations . . . for the return of process implement the speedy determination of the issues involved. . . . Such time limitations on the enforcement of a right, created by statute and not existing at common law, [are] a part of the right and must be met in order to provide a court with jurisdiction to hear the cause of action. . . .'" Danzigerv. Shaknaitis, 33 Conn. App. 6, 10, 632 A.2d 1130 (1993).
The defendant Boccuzzi contends that the return of process was filed two days after the return date, which is in violation of General Statutes § 52-46a and requires dismissal of the action. Practice Book § 143(5) provides in pertinent part that "[t]he motion to dismiss shall be used to assert . . . insufficiency of service of process." General Statutes §52-46a states in relevant part that "[p]rocess in civil actions . . . shall be returned . . . to the clerk of [the superior court] at least six days before the return day." "`[S]tatutory requirements as to the time when process shall be served are mandatory.'" Helming-DeGeorge v. DeGeorge, 8 CSCR 1209, 1210
(October 1, 1993, Dranginis, J.); see also Milford Hospital v.Uheles, 7 CONN. L. RPTR. 650 (1992) "(McGrath J.). Furthermore, "failure to comply with statutory requirements as to service of process renders the proceeding voidable and subject to abatement [dismissal]." Helming-DeGeorge v. DeGeorge, supra, 1210, quotingDaley v. Board of Police Commissioners, 133 Conn. 716, 719,54 A.2d 501 (1947).
The return of process was filed by the plaintiffs two days after the return date of April 26, 1994. Therefore, process was returned after the return date in violation of General Statutes § 52-46a. In cases where the return of service was untimely CT Page 11221-Y "the courts have uniformly held that the defect cannot be cured by amendment." Arpaia v. Corrone, supra, 18 Conn. App. 540; see also Bell v. Colson, 9 CSCR 368 (1994) (Hodgson, J.).
The plaintiffs submit three arguments in support of their contention that Boccuzzi's motion to dismiss should be denied. First, the plaintiffs contend that the court is constrained to deny the motion by the Supreme Court's recent decision regarding General Statutes § 52-72 in Concept Associates, Ltd. v. Boardof Tax Review, 229 Conn. 618, 642 A.2d 1186 (1994). General Statutes § 52-72 provides in part that "(a) Any court shall allow a proper amendment to civil process which has been made returnable to the wrong return day or is for any other reason defective . . . . (b) Such amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of service, as if originally proper in form." The court in Concept stated that "it appears that the statute was enacted in response to decisions of this court holding that an improper return date was a jurisdictional defect that could not be corrected . . . . Indeed, this court has stated that the purpose of § 52-72 is to provide for amendment of otherwise incurable defects that go to the court's jurisdiction . . . . The apparent intent of the legislature was to prevent the loss of jurisdiction merely because of a defective return date." (Citations omitted; internal quotation marks omitted.) Concept Associates, Ltd. v. Board of Tax Review, supra, 623. Moreover, "[b]ecause [52-72] pertains to jurisdiction, the statute relates to a matter of substance rather than mere convenience, and is therefore mandatory." Id., 626 n. 9.
The application of § 52-72 is predicated upon the return date being wrong, or defective for any other reason. General Statutes § 52-72(a). General Statutes § 52-48 provides that "[p]rocess in civil actions . . . brought to the Superior Court may be made returnable on any Tuesday in any month . . . . (b) All process shall be made returnable not later than two months after the date of process and shall designate the place where court is to be held." The return date of this appeal is April 26, 1994, which fell on a Tuesday and was within the two months allowed for setting a return date. The return date chosen by the plaintiffs was not wrong or defective. The plaintiffs' untimely return of process does not result in creating a defect in the return date, for such a result would effectively abrogate the requirements of § 52-46a. CT Page 11221-Z
The plaintiffs' second argument is that even if the appeal must be dismissed as to Boccuzzi because of late return of service, the appeal is proper as to the defendant Zoning Board of Appeals, which did not and has not filed a motion to dismiss on this ground. "`Unlike subject matter jurisdiction . . . personal jurisdiction may be created through consent or waiver.'" Lauf v.James, 33 Conn. App. 223, 227, 635 A.2d 300 (1993). "`In the absence of timely objection by the parties served to [any] alleged procedural defects, the ordinary rule is that the defects have been waived.'" Rummel v. Rummel, 31 Conn. App. 214, 219,635 A.2d 295 (1993). The defendant Zoning Board of Appeals has failed to file a motion to dismiss on the ground of late return of process, and therefore has waived the jurisdictional defect of late return of process. Rummel v. Rummel, supra, 219; see alsoArpaia v. Corrone, supra, 18 Conn. App. 541.
The plaintiffs' third argument in opposition to the motion to dismiss refers to General Statutes § 8-8(b), which requires appeals to be commenced within fifteen days from the notice of decision, and to General Statutes § 8-8(f), which provides that "failure to make service within fifteen days on parties other than the board shall not deprive the court of jurisdiction over the appeal." This statute also states that if service is not made within fifteen days on a person such as Boccuzzi "the court, on motion of the party or the appellant, shall make such orders of notice of the appeal as are reasonably calculated to notify the party not yet served." Plaintiffs argue that because Boccuzzi is an indispensable party under Fong v. Planning Zoning Boardof Appeals, 212 Conn. 628, 635, 563 A.2d 293 (1989), "the failure to cite and serve a successful zoning board applicant does not result in a lack of subject matter jurisdiction and require dismissal of the action." Id. The plaintiffs claim that Boccuzzi did not have to be served at the commencement of the appeal, but rather could be joined at a later point pursuant to Practice Book § 100, and therefore granting his motion to dismiss for failure to return the appeal in a timely fashion would be anomalous because he did not have to be served in the first instance.
Furthermore, in Fong v. Planning Zoning Board of Appeals, supra, 212 Conn. 632-34, the court affirmed the holding of the Appellate Court that a successful applicant to a zoning board is an indispensable party to a zoning appeal by persons aggrieved by the board's decision. The Supreme Court further held that the CT Page 11221-AA failure to cite and serve a successful zoning board applicant was not a defect involving the subject matter jurisdiction of the court because it was curable at a later stage of the proceeding. Id., 636-37. Public Act No. 89-356 added subsection (f) to General Statutes § 8-8 to provide for service of process on applicants whose legal rights, duties or privileges were determined by the municipal board in question.
Accordingly, the defendant Boccuzzi's motion to dismiss is granted and the appeal is dismissed as to that defendant only. The dismissal of the appeal as to Boccuzzi, however, does not deprive the court of jurisdiction over the appeal because, pursuant to General Statutes § 8-8(e) and (f), an appeal such as the present action is commenced and jurisdiction is established by service of process on the defendant Zoning Board of Appeals alone. Late return of process on parties other than the defendant Board does not deprive the court of subject matter jurisdiction. It is also true that Boccuzzi, as an indispensable party, can be joined in this appeal by virtue of General Statutes § 52-108 and Practice Book § 100.
William B. Lewis, Judge