[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum of Decision
This summary process action was made returnable on a legal holiday, in violation of General Statutes § 52-48.[1] The plaintiff has moved to amend the return date. The motion to amend is granted by agreement. See General Statutes § 52-72[2]; see also Concept Associates, Ltd. v. Board of Tax Review,229 Conn. 618 (1994).
However, the defendant claims that the process, bearing the amended return date, must now be reserved. This position is supported by Brandriff v. Sellas, 40 Conn. Sup. 243 (1985). "Trial court cases, however, do not establish binding precedent."Statewide Grievance Committee v. Presnick, 18 Conn. App. 316, 323
n. 3, 559 A.2d 220 (1989). The defendant's position also is supported by a literal reading of General Statutes § 52-72(b). That statute provides that "[s]uch amended process shall be served in the same manner as other civil process and shall have the same effect, from the date of the service, as of originally proper in form." Nonetheless, this court disagrees with the defendant for two related reasons.
First, the Supreme Court has held that "[t]hose defects which are merely voidable may, in the trial court's discretion, be cured by amendment, and do not require new service and return date, so long as the defendant was not prejudiced." HartfordNational Bank Trust Co. v. Tucker, 178 Conn. 472, 479 (1979), cert. denied, 445 U.S. 904, 100 S.Ct. 1079, 63 L.Ed.2d 319
(1980). An invalid return date has long been recognized to be a voidable defect. Weidlich v. Comley, 18 Conn. Sup. 479, 481
(1953); cf. Rogozinski v. American Food Service EquipmentCorporation, 211 Conn. 431, 435, 559 A.2d 1110 (1989); Daley v.Board of Police Commissioners, 133 Conn. 716, 719, 54 A.2d 501
(1947); Bergin v. Bergin, 3 Conn. App. 566, 568-69, 490 A.2d 543, cert. denied, 196 Conn. 806, 404 A.2d 903 (1985).[3] Here, not only is the defective return date voidable, but the defect has been waived by the defendant's appearance by counsel who elected not to raise the defect within the required thirty days of his appearance. See Practice Book §§ 142, 143, 144. The defendant is not prejudiced by the amendment of the return date.
Second, General Statutes § 52-72(b) "is a statute of general application. Statutes general in their terms are, in certain instances, construed to admit implied exceptions. NewHaven Savings Bank v. Warner, 128 Conn. 662, 669, 25 A.2d 50
(1942); Kelley v. Killourey, 81 Conn. 320, 321, 70 A. 1031
(1908)." Kron v. Thelen, 178 Conn. 189, 197, 423 A.2d 857 (1979). To read § 52-72(b) to require service on a party who has appeared by counsel would be a senseless, bizarre and confounding exercise. The purpose of the return date is to set the day from which the time to perform a panoply of mandatory and permissive litigational acts is pegged.[4] Once an attorney files an appearance for a party, it is the attorney, not the party, who must perform these acts and make any mandatory or permissive filings. See Practice Book § 119.[5] There is no reason to require a "round robin" whereby the court grants the motion to CT Page 695 amend the return date, the plaintiff's attorney then retains a sheriff to serve the defendant with new process bearing the amended return date, after which the defendant forwards the process to his attorney who already has been advised by the court as to what the new return date is. The court must reject an interpretation of § 52-72(b) that would have the statute operate in a way that is "difficult and possibly bizarre." TexacoRefining Marketing Co. v. Commissioner, 202 Conn. 583, 593
(1987). "In construing a statute, common sense must be used, and courts will assume that the legislature intended to accomplish a reasonable and rational result." (Internal quotation marks omitted.) In re Luis R., 204 Conn. 630, 635 (1987).
BY THE COURT
Bruce L. LevinJudge of the Superior Court