ANNA CHEVALIER *vs.* WALTER L. WAKEFIELD ET AL.

First Judicial District, Hartford, March Term, 1912.
HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, JS.

Writs of error to this court will be abated unless served and returned in compliance with General Statutes, §§ 563, 564 and 822, providing that civil process to this court must be served at least thirty days inclusive before the day of the sitting of the court, and returned at least twenty days before that day, and that such writs shall be served and returned as other civil process.

Where the General Assembly has failed to make special provision regulating the time of service and return of writs of error from the summary process judgments of a City Court, the remedy lies with the General Assembly and not with this court.

A writ of error institutes an independent action.

Argued March 5th—decided April 9th, 1912.

WRIT OF ERROR to reverse a judgment of the City Court of Hartford in an action of summary process, brought to this court on the first Tuesday of March, 1912, the opening day of the present term, where the defendants filed a plea in abatement for the reason that service thereof was not made at least thirty days before the return day, and return made at least twenty days before that day, to which the plaintiff demurred and also moved to erase. *Plea in abatement sustained, and writ abated.*

*Joseph P. Tuttle,* for the plaintiff.

*William E. Egan,* with whom was *Denis T. O'Brien,* for the defendants.

PRENTICE, J. "Writs of error shall be served and returned as other civil process." General Statutes, § 822. Civil process to this court must be served at least thirty days inclusive before the day of the sitting of the court, and returned at least twenty days before that day. General Statutes, §§ 563, 564. To this requirement there is no exception. This writ was not so served or returned. Possibly it would have been wise had the amendment of the charter of the city of Hartford (14 Special Laws, p. 600), which conferred upon the City Court of that city exclusive jurisdiction of all civil actions theretofore cognizable by justices of the peace for the town of Hartford, embodied some special provision regulating the time of service and return of writs of error from its summary process judgments. See *Marsh* v. *Burhans,* 79 Conn. 306, 64 Atl. 739. If so, the remedy lies with the General Assembly and not with this court. The statutory requirement is clear and definite, and cannot be ignored.

The writ instituted an independent action. The authority signing it made it returnable to the present term. It cannot, without losing its legal identity, be converted into one returnable to a later term, and thus regarded as merely prematurely upon the docket. It must fail as any other action must which is not served and returned within the prescribed period before its return day. *Gaylord* v. *Payne,* 3 Conn. 258.

The motion to erase the plea is denied, the demurrer to the plea in abatement overruled, the plea sustained, and the writ abated.

In this opinion the other judges concurred.