JOHN HAYES, ADMINISTRATOR, *vs.* HERMAN J. WEISMAN
AND THE CONNECTICUT COMPANY.

Third Judicial District, New Haven, January Term, 1922.
WHEELER, C. J., BEACH, GAGER, CURTIS and KEELER, Js.

General Statutes, § 5914, provides that no estate which has been at-
tached shall be held to respond to the judgment obtained in the
suit, unless execution is taken out and demand made thereon within
sixty days after final judgment; but that in computing the sixty-
day period, the time during which the issue or levy of an execution
"may be prevented or stayed," shall be excluded. *Held* that the
phrase quoted was properly construed by the trial court to refer
to such legal stays as actually became effective in the case, and not
to the mere possibility of future stays.
An unsuccessful litigant who merely files a notice of appeal and does
nothing further, must be deemed to have abandoned the appeal
when the time for taking the next step passed without action on
his part.
In an action of *scire facias* against a garnishee, it is essential for the
judgment creditor to prove that a demand upon execution was
duly made upon the garnishee and that he failed to pay the defend-
ant or to produce the effects which were in his hands when he was
served with the garnishee process.
In order to subject a debt or other chose in action to seizure on execution
in this State, it must have been previously attached by garnishee
process.
The origin and history of our statutory law upon the subject of garnish-
ment, reviewed.

Argued January 18th—decided April 25th, 1922.

ACTION of *scire facias*, brought to and tried by the
Superior Court in New Haven County, *Maltbie, J.;*
facts found and judgment rendered for the plaintiff
for $45 only, against the defendant Weisman, and in
favor of the defendant Connecticut Company, from
which the plaintiff appealed. *No error.*

The defendant Weisman filed a bill of exceptions
which was heard with the appeal. *Error; judgment
to be entered for this defendant also.*

In April, 1917, the plaintiff brought an action against one Musnitsky in the Superior Court for New Haven County to recover $10,000 damages for negligence, in which the officer serving the complaint was commanded to attach goods or estate to the value of $10,000. At the time this action was brought, Musnitsky claimed to have a cause of action against the Connecticut Company for negligent injury to his person and property, which claim the Company denied and disputed. Musnitsky retained the defendant Weisman and one Green as his attorneys to prosecute his claim against the Company, but no action upon it was ever brought. Weisman knew of the plaintiff's action against Musnitsky. On or just prior to June 14th, 1917, an agreement of settlement of Musnitsky's claim against the Connecticut Company was imminent between Weisman and the representatives of the Company. Musnitsky then owed various persons sums amounting to $805, and had also agreed to pay his attorneys for services in connection with the claim against the Company, and for services in the plaintiff's action against him, $1,250. Musnitsky gave Weisman an absolute assignment of his claim against the Company upon Weisman's oral promise to discharge the above obligations of $2,055, and on June 14th, 1917, Musnitsky executed and delivered to Weisman a formal written assignment of his claim against the Company. The purpose of these transactions was to secure the payment of the services of Weisman and Green and the other indebtedness of Musnitsky mentioned above, in preference to the claim of the plaintiff. On June 14th, 1917, Weisman presented the assignment and release to the representatives of the Company, and they then agreed to pay $2,100 in settlement of the claim.

On June 22d, 1917, the plaintiff secured an order for a supplemental attachment for $10,000 in his action

against Musnitsky, with direction therein to serve the same upon Weisman and upon the Connecticut Company as agent, trustee and debtor of Musnitsky, and such service was duly made on that day. On June 26th, 1917, the Connecticut Company sent to Weisman a check for $2,100, made payable to him as attorney in settlement of the Musnitsky claim. On June 27th, 1917, Weisman deposited this check to his personal account.

On June 13th, 1919, the plaintiff secured a judgment against Musnitsky for $3,116.90, and on June 16th, Musnitsky filed a notice of appeal. No further steps were taken by Musnitsky to perfect his appeal, nor did he ever seek or obtain any further stay of execution, nor ask for or obtain any extension of time to file a request for a finding, nor did he ever file any such request or obtain any injunction or writ of error. No notice of a withdrawal of this notice of appeal was ever given to the plaintiff or his attorney.

On September 6th, 1919, the plaintiff took out execution on such judgment, and on September 10th put the same in the hands of an officer, who on that day made demand of Weisman, and on September 11th, 1919, of the Connecticut Company, as agents, trustees and debtors of and to said Musnitsky, for the sums contained in the execution and for any estate of said Musnitsky in his or its hands, or moneys due from him or it to Musnitsky. Weisman and the Connecticut Company refused to pay the execution, or to show any estate of Musnitsky, or to pay any debt due from himself or itself to said officer, whereupon to levy the execution, with his fees, amounting to $3,116.90. The deputy sheriff made due return. On September 10th, 1919, Weisman had not paid the bills of Musnitsky assumed by him, and still held the money paid to him by the Connecticut Company.

The judgment against Musnitsky has never been reversed or paid. Such indebtedness, if any, as defendants owed Musnitsky when the supplemental garnishment was made, was never encumbered by any prior garnishment.

*Clayton L. Klein* and *William W. Gager*, for the appellant (plaintiff).

*William E. Thoms* and *Walter F. Torrance*, for the appellee (defendant Weisman).

*Harrison T. Sheldon* and *William B. Gumbart*, for the appellee (defendant Connecticut Company).

CURTIS, J. The court held, upon the foregoing facts, that the plaintiff, although he had recovered judgment against Musnitsky, was barred a recovery against either defendant under his supplemental garnishment of them, if either of them was indebted to him when service was made, because the plaintiff failed to take out execution and have demand duly made upon them within sixty days after the legal stay of execution caused by the notice of appeal had ceased. The court so held, under its construction of General Statutes, § 5914. This statute, in so far as applicable, reads as follows: "No estate which has been attached shall be held to respond to the judgment obtained in the suit, either against the debtor or any other creditor, unless the judgment creditor shall take out an execution and have . . . demand made on the garnishee . . . within sixty days after final judgment. . . . In reckoning said periods within which the attaching creditor is so required to take out and levy execution, any time during which the issue or levy of an execution may be prevented or stayed by the pendency of a

writ of error, or by an injunction or other legal stay of execution, shall be excluded from the computation."

The plaintiff claims, in the first place, that in dealing with this statute the court erred in its construction of the last sentence quoted; that the phrase "may be prevented or stayed," refers to the time during which there is a possibility of future stays. The court held that the phrase did not refer to the mere possibility of future stays, "but does refer to such [legal] stays as actually become effective." We are satisfied that this is the only reasonable construction of that phrase in § 5914. To hold otherwise, would defeat the obvious purpose of the statute, which is to fix a reasonable limit upon the duration of attachments and garnishments and upon the liability under a garnishment of a person garnisheed.

The plaintiff recovered judgment against Musnitsky on June 13th, 1919, a notice of appeal was filed, but no further steps were taken. No extensions having been granted, the defendant must be deemed to have abandoned the appeal when the time for taking the next step passed without action on his part. That would be not later than two weeks from the rendition of the judgment. General Statutes, § 5826. More than sixty days had elapsed, excluding the time when the issuance of the execution was stayed, before demand upon the execution was made on the garnishee on September 10th and 11th, 1919, respectively.

The two weeks from the rendition of the judgment expired in June, and execution might have been taken out in that month. There is no statute providing that the taking out of execution, or the service of an execution, shall be suspended during the months of July and August, and under the facts in this case, the provision of § 5826, to the effect that all proceedings to make or complete the record on an appeal shall be suspended

during the months of July and August, is wholly irrelevant to the issues in this action.

The plaintiff urges that although after the rendition of the judgment against Musnitsky on June 13th, 1919, and his notice of appeal, two weeks expired and no proposed finding was filed by him, yet Musnitsky should not be deemed to have then abandoned his appeal and so opened the door for the issuance of an execution, until ten more days had passed. This claim is based on § 5826, which allows a possible extension of time for the filing of a proposed finding for ten days further. The plaintiff urges that as such ten days, in addition to the two weeks, would carry the proceedings to complete the record upon appeal into July, and since all proceedings on appeal are suspended during July and August, the sixty days from the stay of execution effected by the notice of appeal, did not expire until July, and therefore when execution was issued and demand was made in September, 1919, the sixty-day period for taking out and levying execution under § 5914 had not expired. This claim is untenable, because no extension of time for filing a proposed finding was either asked for or allowed to Musnitsky. It would be unreasonable and fanciful to hold that he should be presumed to have secured such an extension and continued the life of his appeal for ten days longer, contrary to the fact.

Under § 5967 it is provided that "if he [the garnishee] shall have in any manner disposed of the effects of the principal in his hands " when served, "or shall not expose and subject them to be taken on the execution, or shall not pay the officer when demanded the debt due to the defendant " when served, "such garnishee shall be liable to satisfy such judgment out of his own estate " in an action of *scire facias*. The plaintiff claims that this provision gives the plaintiff in foreign

attachment a cause of action in *scire facias* under two states of fact: 1. Where, before judgment against the principal, the garnishee has disposed of the effects of the principal, which were in his hands when garnisheed (including under the term "effects" a debt due the principal). 2. Where the garnishee shall not expose and subject the effects of the principal, duly garnisheed in his hands, when demand is duly made upon him on execution. The plaintiff claims, therefore, that under the first claimed ground of action no due demand on execution is essential to sustain the action of *scire facias*, the only limitation in such case being that the action must be brought within one year from its accrual. § 6165. The plaintiff admits that no decision can be found in our Reports supporting this claim. He urges, however, that a historical survey of our statutes relating to garnishment, from their origin to date, discloses that in an action of *scire facias* against a person who has been garnisheed, it is not, in the circumstances of the claimed first ground of action, an essential element of the cause of action that execution shall have been taken out and demand duly made on the person garnisheed. In this action the plaintiff claims that the Connecticut Company was indebted to Musnitsky when the supplemental garnishment was made upon it in June, 1917, and that as it is an admitted fact that the Company turned over to the defendant Weisman the money it paid to settle Musnitsky's claim against it in June, 1917, and had not retained such money after garnishment, therefore due demand on execution was not an essential fact in *scire facias* against it. The plaintiff urges that it would be an idle ceremony to make demand on execution in such case, and that the only proper procedure was to proceed against the Company directly in an action of *scire facias*. In other words, when, in an action, a debt due a defendant, or

other property owned by a defendant but being in the hands of a third party, has been attached by process of garnishment, and such debtor or third party has paid the indebtedness or disposed of the property before judgment in such action, there is no occasion for a due demand on execution to continue the lien on the debt or property garnisheed, so as to determine with reasonable celerity the personal liability of the person garnisheed; because his payment of the debt and disposal of the property had already fixed his personal liability, under the terms of § 5967 as recited above. It is urged that the debt having been paid, or the property having been disposed of, before judgment, it is not subject to attachment by other creditors, and therefore it is the reasonable construction of the statutes in such case to hold that in such circumstances after final judgment without appeal, the plaintiff may at once proceed by *scire facias* against the party garnisheed, without the formality of an idle demand upon execution.

A review of the statutory law upon garnishment from its origin, satisfies us that in any action of *scire facias* against a garnishee after judgment, it is essential to sustain the action to prove that demand upon execution was duly made upon the garnishee, and that the garnishee failed to pay the debt due or to produce the effects in his hands at the time of the attachment. An Act relating to foreign attachment was first passed in Connecticut in 1726, and is found in the Revision of 1750, p. 36. This Act provided a method of attaching goods or effects of an absent or absconding debtor in the hands of an agent or trustee, in an action against the debtor, by process of garnishment so as to make the property "liable in the law to respond to the judgment " and "subject to be taken in execution for the satisfaction " of such judgment. This Act also pro-

vided that if the agent or trustee garnisheed, after the time of service upon him, "shall transfer, remit, dispose of, or convert any of the goods, or effects of such debtor in his hands at the time of such service . . . or shall not discover, expose, or subject the goods, or effects of such debtor in his hands to be taken in execution . . . toward satisfying the judgment" recovered in the suit against his debtor in which he was garnisheed, he "shall be liable to satisfy the same of his own proper goods, or estate, as much as if it were his own proper debt; and a writ of *scire facias* may be taken out . . . requiring him . . . to show cause . . . to the contrary." This Act continued in force in substantially the same form in later Revisions and appears in the Revision of 1796. In October, 1797, a supplementary Act was passed in the following terms, in part: "The goods or effects of any absent or absconding debtor, shall not be holden or secured in the hands of his attorney, agent, factor or trustee [when garnisheed] by virtue of any judgment rendered by any court against said debtor, nor shall such attorney, agent, factor or trustee be liable to satisfy such judgment out of his own proper goods or estate, unless such goods or effects shall be demanded of such attorney, agent, factor or trustee, agreeable to the provisions of said Act, within sixty days from the time the same are liable to be demanded for the satisfaction of said judgment." In the sections relating to foreign attachment in the Revision of 1808, the original Act of 1726, and this supplemental Act of 1797, appear in substantially their original form. In October, 1770, an Act was passed providing that in an action where personal property is attached, the property attached shall not be held to respond to the judgment obtained, unless execution is taken out and levied, within sixty days after final judgment. The Act of 1797 was no doubt

passed to make the same limitation of sixty days apply to a foreign attachment, and was passed in the form recited above, not for the purpose of changing the law as to the essential facts necessary to support an action of *scire facias* against a garnishee, but to make certain that the sixty-day limitation of the demand on execution related to all circumstances under which demand on execution was then required. The Revision of 1821, p. 241, § 10, in dealing with the subject of the sixty-day demand on a garnishee, provides as follows: "The goods or effects, or debts, of an absent or absconding debtor, shall not be holden or secured in the hands of his attorney, agent, factor, trustee, or debtor, by virtue of any judgment rendered against the debtor, unless they shall be demanded of them within sixty days after rendition of judgment." It is obvious that the demand here referred to is a demand on an execution. The statute law has continued in substantially the same condition to the present time.

The plaintiff claims that under the statutes prior to the passage of the Act of 1797, the plaintiff had an action of *scire facias* against the garnishee if the garnishee had disposed of any personal property or debt held by him at the time of garnishment, before judgment was rendered against the debtor. In other words, that in such case a demand upon the garnishee on execution was not an essential prerequisite to an action of *scire facias* against him; but that after said Act of 1797 was passed a demand on execution upon the garnishee was an essential prerequisite to any action of *scire facias* against the garnishee, until the Revision of 1821 went into effect, when such demand on execution became no longer necessary under the so-called first ground of action above set forth, and that the law has so continued to the present time.

We are satisfied that from the origin of the right of

garnishment to the present time, it has always been a prerequisite to the maintenance of an action of *scire facias* against a garnishee, that after judgment against the principal a demand on execution shall be made upon the garnishee. The original statute in its enacting clause states that its purpose is to make the property in the hands of the garnishee "subject to be taken in execution." Revision of 1750, p. 36. Before the supplemental Act of 1797 was passed, we turn to Swift's System, published in 1796, to discover the practice and law in Connecticut as to *scire facias* against a garnishee. In Swift's System, Vol. 2, p. 178, we find the following: "When judgment is obtained against the principal [in an action of garnishment], the creditor must take out execution, and must not only search for the estate of the principal, but must likewise apply to and make demand of the same of the agent, attorney, factor, trustee, or debtor, as the case may be, on whom the service of the writ was made, and who is usually called the garnishee . . . . But on refusal of· the garnishee to expose the effects of the principal, or pay the debt which he owed him, the execution should be returned *non est inventus*, with respect to the principal, and also that demand was made of the garnishee, and that he refused to show the estate, or pay the debt due to the principal. This lays a foundation for a *scire facias*." The declaration in *scire facias* "must state the whole of the proceedings, and particularly the demand of payment of the execution made of the garnishee, and his refusal." There is no suggestion in Swift's System that an action of *scire facias* will lie against a garnishee in any case, without a demand on execution on the garnishee. In Swift's Digest, Vol. 1, p. 730, the law is stated as follows: "In foreign attachment . . . the declaration should state . . . especially the demand of payment of the execution made of the

garnishee, and his refusal, and the return of the execution." In the Revision of Swift's Digest, in the various editions of the Connecticut Civil Officer, and in the forms found in the Practice Act—sources which we may reasonably examine for light upon the practice and opinion of the bar, at least as to the construction of statutes relating to so common and important a matter as foreign attachment—we find no suggestion that an action of *scire facias* can be maintained in any circumstances against a garnishee, where a demand upon execution has not been made upon the garnishee. If judgment is rendered against the principal in foreign attachment and no demand made on the garnishee upon execution within the statutory period, all right to recover from the garnishee on *scire facias* is lost; if such demand is made without result, then *scire facias* against the garnishee must be brought within one year.

The defendant Weisman, by his bill of exceptions, presents, as error, the ruling of the court to the following effect: That although the garnishment of Weisman as a debtor of Musnitsky was rendered unavailing in *scire facias* by the failure to make demand upon him on execution within the statutory period, yet, since he was indebted to Musnitsky when a demand was made upon him upon an execution on a judgment of the plaintiff against Musnitsky, it was his duty to pay the amount of his indebtedness on the service of the execution, and for failure to do so he is liable to the plaintiff for the same in an action of *scire facias*. In *Fitch* v. *Waite*, 5 Conn. 117, 123, we recognize the common law rule that choses in action are not attachable or subject to execution. 17 R. C. L. 127; 23 Corpus Juris, 325. We have no statute providing a method of making choses in action subject to execution, except by the method of foreign attachment. We are satisfied that the demand made upon Weisman on September

10th, 1919, upon the execution under the judgment against Musnitsky, did not create any duty on his part to pay on the execution such indebtedness, if any, as he then owed Musnitsky, or make him liable to the plaintiff for the amount of such indebtedness in an action of *scire facias.*

We are satisfied, therefore, that there was no error in overruling the demurrer to the second defense, and that under the plaintiff's assignments of error, there was no error committed that would entitle the plaintiff to a judgment or to a new trial. Under the defendant Weisman's bill of exceptions, we find that the court erred, and the cause is remanded with directions to enter judgment for both defendants.

No error on plaintiff's appeal; error on Weisman's bill of exceptions and the cause is remanded with direction to enter judgment for Weisman.

In this opinion the other judges concurred, except GAGER, J., who dissented.