JOHN MICHELIN *vs.* SAMUEL MACDONALD.

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued February 2d—decided March 22d, 1932.

*Frederick C. Hesselmeyer,* with whom, on the brief, were *Thomas A. Grimes* and *Samuel O. Clark, Jr.,* for the appellant (defendant).

*Joseph Manfreda,* for the appellee (plaintiff).

MALTBIE, C. J. The plaintiff brought his action claiming $300 damages to the Borough Court of Wallingford, the case was tried without a jury and the plaintiff recovered judgment for $150 and costs. The defendant thereupon filed an appeal to the Court of Common Pleas for New Haven County. In that court

the plaintiff filed a plea in abatement and motion to erase the case from the docket, both upon the ground that the court had no jurisdiction of the appeal, and the trial court sustained the plea and granted the motion. The sole question upon this appeal is as to whether the trial court was right in its conclusion that it had no jurisdiction of the case.

The want of jurisdiction, if it existed, appeared upon the face of the record, and in such a situation the motion to erase, requiring no further pleadings, was the better procedure. *Gill* v. *Bromley*, 107 Conn. 281, 285, 140 Atl. 721; *Ragali* v. *Holmes*, 111 Conn. 663, 151 Atl. 190.

The Special Law establishing the Borough Court of Wallingford gives it jurisdiction of all actions at law wherein the matter in demand does not exceed $300 and one of the parties is a resident of or is located in the town or has estate in the town which is attached in the action, "subject to the right of appeal to the Court of Common Pleas for New Haven County, except in actions of summary process as is now provided by law for appeals from justices of the peace." 10 Special Laws, p. 224 and following. The trial court construed the quoted words as limiting the right of appeal to cases which would have been appealable had they been brought before a justice of the peace. The jurisdiction of a justice of the peace then was, as it now is, limited to actions at law wherein the matter in demand does not exceed $100. General Statutes, Rev. 1875, p. 413; General Statutes, Rev. 1930, § 5437. The construction adopted by the trial court produces this anomalous situation: In cases wherein the matter in demand is $100 or less there is a right of appeal from the Borough Court, with a trial *de novo*, to the Court of Common Pleas, whereas in actions wherein the matter in demand exceeds $100 no such right is

given; and it is difficult to believe that the legislature could have intended such a result.

The Act also provides that whenever a jury trial shall be had in the Borough Court "in any cause" no appeal can be taken to the Court of Common Pleas but that an appeal might be taken to this court; and also that all writs of error, and petitions for a new trial in any action determined in the Borough Court shall be brought to the Court of Common Pleas. The provision taking away the right of appeal to the Court of Common Pleas where a jury trial has been had in the Borough Court "in any cause" contains in itself an implication that otherwise an appeal to the Court of Common Pleas would lie in any cause. At that time, as now, the General Statutes provided no appeal to this court from the judgments of Borough Courts. General Statutes, Rev. 1875, p. 448; Revision of 1930, § 5689. It would follow from the trial court's construction of the Act in question, that in all cases in the Borough Court wherein the matter in demand exceeds $100 no right of appeal would exist, but the party would be relegated to a writ of error or a petition for a new trial. The provision concerning writs of error was in itself a necessary and proper one; to the right of appeal given in the Special Act an exception is made as regards actions of summary process, where the only procedure for review then was, and now is, by writ of error; General Statutes, Rev. 1875, p. 492; Revision of 1930, § 5980; and authorizing a writ of error from the Borough Court to the Court of Common Pleas had its analogy in the provision as to writs of error from justices of the peace. General Statutes, Rev. 1875, p. 449. A writ of error is an independent proceeding requiring service and return as original process; General Statutes, Rev. 1930, § 5708; *Chevalier* v. *Wakefield*, 85 Conn. 374, 82 Atl. 973; and is at

best a cumbersome process. *State* v. *Caplan,* 85 Conn. 618, 622, 84 Atl. 280. The legislature could not have intended to establish it in cases wherein the matter in demand exceeded $100 as a substitute for an appeal in cases wherein the matter in demand was $100 or less. The Special Law in question contains no specific provision governing the procedure for appeals to the Court of Common Pleas, and the phrase "as is now provided by law for appeals from justices of the peace" is not a limitation upon the right of appeal from judgments of the Borough Court, but was inserted for the purpose of adopting in such appeals the procedure established for those taken from justices of the peace.

There is error, the judgment is set aside and the case remanded to be proceeded with according to law.

In this opinion the other judges concurred.