DANIEL B. LARAIA v. MARY L. PILGARD ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE NO. 78048

Memorandum filed December 31, 1946.

*Francis P. Pallotti,* of Hartford, for the Plaintiff.

*Pelgrift, Blumenfeld & Nair,* of Hartford, for the Defendant.

ALCORN, J.   The motion and the plea in abatement are based upon the same allegations which are, in substance, that at the time of service upon the defendant the writ and summons contained only a direction to the sheriff of the county of Hartford, his deputies, or any of the constables of the towns of Hartford or Glastonbury, to attach to the value of $10,000 the goods or estates of the defendants to answer unto the plaintiff, and that after issuance and service but before the writ was returned to court it was altered to the form in which it appears in the file. The writ in the file is in the usual form and contains, in addition to the information above set forth, a direction to summon the defendants to appear before the Superior Court to be held at Hartford on the first Tuesday of December, 1946.

Since the writ which was returned to court appears to be in all respects regular and in the usual form, the motion to quash is not the proper method in which to attack it. The proper proceeding is the plea in abatement, which is designed to set up facts which otherwise would not be apparent to the court. *O'Brien's Petition,* 79 Conn. 46, 58; *Sisk* v. *Meagher,* 82 Conn. 483; *Ragali* v. *Holmes,* 111 Conn. 663; *Michelin* v. *MacDonald,* 114 Conn. 582.

The motion to quash is therefore denied.

The plaintiff has filed an answer admitting the allegations of the plea in abatement. Since it is conceded that the writ was altered after service and before its return, it is abatable. *Denison* v. *Crafts,* 74 Conn. 38.

The plea in abatement is sustained and judgment may enter in favor of the defendants accordingly.