George B. Walling *v.* Edward Robertine

Maltbie, C. J., Brown, Jennings, Ells and Dickenson, Js.

Argued May 7—decided June 8, 1948

*Donald H. McGannon,* for the appellant (plaintiff).

*Fred L. Griffin,* for the appellee (defendant).

*Sidney Vogel,* amicus curiae.

PER CURIAM. The plaintiff in summary process in the City Court of Norwalk had judgment, and the defendant brought a writ of error to the Court of Common Pleas. It was there erased on the ground that it could be made returnable only to the Supreme Court of Errors.

General Statutes, Cum. Sup. 1935, § 1667c, as amended, reads in part: "Writs of error for errors in matters of law only may be brought from the judgments of the superior court, any court of common pleas and any city court to the supreme court of errors." Section 1665c reads in part: "A writ of error may be brought from an original judgment in summary process rendered by a justice of the peace or by any town or borough court to the court of common pleas." These statutes are neither ambiguous nor contradictory. The word "may" in both obviously means that any writ of error brought shall be brought to the court named. *Lake Garda Co.* v.

*LeWitt,* 126 Conn. 588, 590, 13 A. 2d 510. Writs of error from city courts are returnable to the Supreme Court of Errors.

The claim of the amicus curiae that these acts are modified by § 736f of the 1941 Supplement is without merit. It reads: "Definition. Where used in this chapter, the term 'municipal courts' shall mean town, city, borough, city and police, police and traffic courts." This section is in chapter 281b, entitled "Municipal Courts," and the definition applies only in this chapter. Sections 1665c and 1667c are in chapter 296, entitled "New Trials and Writs of Error," and the classification of courts therein is definite. The intention of the General Assembly to maintain the distinction is manifested by its amendment of both the latter sections, at the same session during which § 736f was enacted, by §§ 843f and 844f, where, although other verbal changes were made, the language quoted was not modified.

There is nothing in *Webb* v. *Ambler,* 125 Conn. 543, 7 A. 2d 228, which militates against this conclusion. As far as the point under discussion is concerned, that case decided that there is an appeal to this court from a judgment on a writ of error by the Superior or Common Pleas Courts.

There is no error.