### GERALD D. CUTTING *v.* SAMUEL D. YUDKIN

Brown, C. J., Jennings, Baldwin, Inglis and O'Sullivan, Js.

Argued March 6—decided April 3, 1951

*Edward L. Reynolds,* for the plaintiff in error.

*David B. Greenberg,* with whom was *Benjamin F. Goldman,* for the defendant in error.

INGLIS, J.   The question raised by the plea in abatement and the motion to dismiss may be stated as follows: What limitation is placed by statute upon the institution of a writ of error from a municipal court judgment in summary process?   There may be some doubt whether either a plea in abatement or a motion to dismiss is a proper method to raise the question, but we do not now pass upon this point because no contention is made concerning it.

On January 8, 1951, the City Court of New Haven in a summary process proceeding entered judgment in favor of the defendant in error, the landlord, hereinafter referred to as the defendant, ousting the plaintiff in error, the tenant, hereinafter referred to as the plaintiff, from possession of certain leased premises for nonpayment of rent.   The present writ of error from that judgment was allowed and signed on January 12, 1951.   The defendant takes the position that a writ

of error from a summary process judgment must be obtained within forty-eight hours after the judgment is entered. He relies on the provisions of General Statutes, Sup. 1949, § 667a. That section is entitled "Bond on writ of error; stay of execution," and reads as follows: "When any writ of error shall be procured by the defendant in an action of summary process, he shall give a sufficient bond with surety to the adverse party, to answer for all rents that may accrue during the pendency of such writ of error, or which may be due at the time of its final disposal; and the defendant shall have forty-eight hours after judgment has been rendered for filing his bill of exceptions and procuring his writ of error . . .; and execution shall be stayed during that time, if it shall appear to the court, trial justice or alternative trial justice rendering the judgment that such proceedings are not made for the purpose of delay."

This statute has been on the books in substantially the same form since 1852. Public Acts, 1852, c. 5, § 3. We have said on several occasions that it is not a statute of limitations and that so far as the forty-eight hour provision is concerned its sole purpose is to provide for a stay of execution until the tenant has had an opportunity to institute a writ of error. The effect of it is that if the tenant's writ of error is not allowed within forty-eight hours he is thereafter subject to eviction. It does not, however, preclude his procuring a writ of error thereafter. The period of forty-eight hours measures the length of the statutory stay of execution and is not a limitation on the jurisdiction of the court to allow the writ of error. *Casner* v. *Resnik*, 95 Conn. 281, 283, 111 A. 68; *Webb* v. *Ambler*, 125 Conn. 543, 547, 7 A. 2d 228; *Paiwich* v. *Krieswalis*, 97 Conn. 123, 128, 115 A. 720; *Brodner* v. *Swirsky*, 86 Conn. 32, 35, 84 A. 104; see Conn. App. Proc. § 135.

Aside from the fact that it appears upon the face of

the statute that the forty-eight-hour provision relates only to a stay of execution, there are two other considerations which make it plain that it is not intended to be a statute of limitations. The first of these is that it applies only to the cases in which the judgment in the trial court ran against the defendant. It is inconceivable that the legislature would limit the time within which one party, but not the other, could take a writ of error from a judgment in summary process.

Secondly, at the time the statute in question was first adopted, there was in effect another statute which provided a limitation of three years for writs of error. Statutes, 1838, p. 406, § 9. It is hardly reasonable to assume that the legislature, in adopting the act of 1852 relating to summary process, intended to repeal by implication the three-year limitation on writs of error so as to cut that period down to a brief forty-eight hours. The three-year limitation was continued until 1935, when it was repealed and the following substituted: "No writ of error shall be brought in any civil or criminal proceeding, unless allowed and signed within two weeks after the rendition of the judgment or decree complained of . . . ." General Statutes, Cum. Sup. 1935, § 1664c (Rev. 1949, § 8016). The same session of the General Assembly re-enacted a statute which provided: "Writs of error for errors in matters of law only may be brought from the judgments of . . . any city court to the supreme court of errors. . . ." Cum. Sup. 1935, § 1667c (Rev. 1949, § 8015). Also in 1935 it was enacted that "A writ of error may be brought from an original judgment in summary process rendered by a justice of the peace or by any town or borough court to the court of common pleas . . .; but no such writ of error may be allowed or signed more than one week after the rendition of such original judgment." Cum. Sup. 1935, § 1665c (Rev. 1949, § 8017). All

municipal courts now have jurisdiction of summary process (General Statutes § 7579) and, accordingly, writs of error for matters of law in summary process cases lie from city courts to the Supreme Court of Errors. *Walling* v. *Robertine,* 134 Conn. 659, 660, 60 A. 2d 172; *Sokolowski* v. *Nobile,* 134 Conn. 661, 60 A. 2d 174. The intent of the statutes is, therefore, clear. A writ of error from a judgment in summary process of a justice of the peace or a town or borough court to the Court of Common Pleas must be taken within one week. Writs of error in any civil or criminal proceeding, including summary process, which under § 8015 lie to the Supreme Court of Errors may be taken within two weeks. With the limitation of writs of error thus thoroughly covered by other statutes, it is incredible that the legislature intended § 667a of the 1949 Supplement also to be a statute of limitation. The writ of error in the present case was allowed and signed within the period prescribed by statute.

The plaintiff's motions to strike the plea in abatement and motion to dismiss from the files are predicated on the fact that they were not filed within ten days after the writ of error was allowed. Reliance is had upon Practice Book, § 393. That section, however, applies only to the filing of pleas and motions in appeals. The case before us is not an appeal but a writ of error. It is an independent action. *Chevalier* v. *Wakefield,* 85 Conn. 374, 375, 82 A. 973. It is not before the Supreme Court of Errors until the return day. Accordingly, the proper time to file a motion to dismiss is after the return day and the proper time to file a plea in abatement is before the opening of court on the day after the return day. See Practice Book § 85.

The plaintiff's motions to strike the plea in abatement and the motion to dismiss from the file are denied.

The defendant's plea in abatement is overruled and his motion to dismiss is denied.

In this opinion the other judges concurred.