CLAIRE P. JEPSEN v. THE TONI COMPANY ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 106811

Memorandum filed May 17, 1957.

*Edward H. Smith,* of Hartford, for the plaintiff.

*Cooney & Cooney,* of Hartford, for the defendants.

*Gilman, Jacobson & Laudone,* of Norwich, for The Lee & Osgood Company, garnishee.

House, J. It appears from the record in this case that the original writ, dated July 19, 1956, directed a garnishment of funds of the defendant The Toni Company in the hands of certain named distributors of its products. It appears from affidavits on file that the sum of $146.88 was garnished. Subsequently, on November 27, 1956, upon application of the plaintiff, Judge Thim of the Superior Court entered an order for further attachment which was made returnable on the first Tuesday of February, 1957. It

appears from his return that, acting under this order, Deputy Sheriff Harold Keating made three successive services on three named garnishees between November 28, 1956, and January 24, 1957, also served Joseph P. Cooney as the alleged attorney and agent of the named defendant, The Toni Company, and returned process to the Superior Court on February 4, 1957—the day before the first Tuesday of February.

The defendant The Toni Company, appearing specially, according to the present motion, has moved to quash the order issued by Judge Thim for four stated reasons: (1) the order did not contain a provision for service on the named defendant; (2) the process was not returned until the day before the first Tuesday in February instead of not later than six days before the return day; (3) Joseph P. Cooney is not the attorney or agent of the defendant The Toni Company, and (4) the order for further attachment called for service on the named garnishees only once and did not authorize multiple services at irregular intervals.

Our Practice Book contains no suggested form for a motion to quash. See Practice Book, pp. 309-315. Nor do the statutes expressly provide for such a remedy. See General Statutes, c. 386. It is, however, a recognized and proper plea under certain circumstances, particularly to raise questions as to the legal adequacy of a writ of mandamus. It is equivalent to a demurrer. See *State ex rel. Campo* v. *Osborn,* 126 Conn. 214, 215; *State ex rel. Foote* v. *Bartholomew,* 103 Conn. 607, 611; *American Casualty Ins. & Security Co.* v. *Fyler,* 60 Conn. 448, 459; *Fuller* v. *Plainfield Academic School,* 6 Conn. 532, 544.

There is a clear distinction between a plea in abatement and a motion to quash. A plea in abatement "is designed to set up facts which otherwise

would not be apparent to the court. *O'Brien's Petition,* 79 Conn. 46, 58; *Sisk* v. *Meagher,* 82 Conn. 483; *Ragali* v. *Holmes,* 111 Conn. 663; *Michelin* v. *MacDonald,* 114 Conn. 582." *Laraia* v. *Pilgard,* 14 Conn. Sup. 431. A motion to quash, being in the nature of a demurrer, should not set forth facts not already alleged in the earlier pleadings. Affirmative facts should not be stated in it, the inclusion of such facts making the motion open to the same objection as a speaking demurrer. This is well settled by a long line of Connecticut decisions. See *State ex rel. Campo* v. *Osborn,* supra; *State ex rel. Foote* v. *Bartholomew,* supra; *Brainard* v. *Staub,* 61 Conn. 570, 575; *Alcorn ex rel. Bsullak* v. *Dowe,* 9 Conn. Sup. 440, 441; *State ex rel. Gaynor* v. *Gaynor Electric Co.,* 6 Conn. Sup. 76, 77; *State ex rel. Pettigrew* v. *Thompson,* 15 Conn. Sup. 209, 210. The distinction between the two pleas is well indicated in the opinion of *Alcorn, J.,* in *Laraia* v. *Pilgard,* supra.

A motion to quash is the usual procedure for dissolving or vacating an attachment where there is some defect or irregularity in the attachment proceedings. "If the grounds upon which the dissolution is sought are apparent upon the face of the record, the authorities are practically uniform that the proper remedy is by a motion to quash, even though a plea in abatement may be a proper method of reaching matters not apparent upon the face of the record." 4 Am. Jur. 938, § 645; see also note, 123 Am. St. Rep. 1043.

It is at once apparent that the defendant's motion to quash is in part defective in that it alleges affirmative facts suitable to a plea in abatement but improper for inclusion in a motion to quash. The court cannot consider such allegations. The motion does, however, contain proper allegations, pertaining only to defects or irregularities apparent on the face of the record, which the court may properly consider

and which require that the defendant be granted the relief it seeks.

The process of garnishment or foreign attachment is an ancient one. See 1 Swift's Digest 584. The writ is the same as any other writ of attachment except that there is a direction to the officer to leave a copy of the writ with a certain person who is the agent, trustee and debtor of the defendant and has the goods, effects and estate of the defendant in his hands. "The garnishment of the debt due a nonresident is in the nature of a proceeding in rem, and the court acts by virtue of its power to compel the garnishee to appropriate the debt to the payment of the execution. *Veeder Mfg. Co.* v. *Marshall-Sanders Co.,* 79 Conn. 15, 17." *Coyne* v. *Plume,* 90 Conn. 293, 298; see also *Parker, Peebles & Knox* v. *El Saieh,* 107 Conn. 545, 555, and, for a review of the statutory law upon garnishment, *Hayes* v. *Weisman,* 97 Conn. 387, 394-398.

Garnishment process may be issued upon a plaintiff's application at any time during the pendency of an action. The procedure is expressly authorized by § 8069 of the General Statutes. There is no merit to the defendant's claim that because § 8069 is printed in the General Statutes as a portion of chapter 393, titled "Attachments," which is a separate chapter from chapter 394, titled "Foreign Attachments," a plaintiff is limited to supplemental process of attachment only and cannot obtain a supplemental garnishment.

The statutory history of the present § 8069 clearly indicates that its provisions are sufficiently broad to include supplemental foreign attachment. The content of § 8069 first appeared as chapter 66 of the Public Acts of 1871. In the next revision of the General Statutes in 1875, the act was incorporated into the general statutes as § 11 of chapter 1 of title

19. Rev. 1875, p. 400, § 11. Section 10 of the same chapter was the statutory authorization for foreign attachment. Rev. 1875, p. 399, § 10. In the revision of 1888, the specific statutory provisions for foreign attachment were divided into a separate chapter (Rev. 1888, c. 86), thereby separating the provisions for supplemental attachment from the provisions for garnishment process. This separation has continued in subsequent revisions of the general statutes, but there is a presumption that revisers of the general statutes do not intend to change the law. *Sigal* v. *Wise,* 114 Conn. 297, 305; *McCarthy* v. *Clancy,* 110 Conn. 482, 501. It must be held that § 8069 authorizes supplemental process by way of both simple and foreign attachment. See also *Cole* v. *Associated Construction Co.,* 141 Conn. 49, 56.

It is also pertinent to note that form No. 577 of the Practice Book—which is the form recommended for an "Order for Further Attachment"—expressly provides for an order of garnishment, "if desired," in addition to an order for simple attachment in usual form. The forms found in the Practice Book are "sources which we may reasonably examine for light upon the practice and opinion of the bar, at least as to the construction of statutes relating to so common and important a matter as foreign attachment." *Hayes* v. *Weisman,* 97 Conn. 387, 398.

Nor is there merit to the claim of the defendant that the process is irregular or defective on its face because it did not contain a provision for service on the named defendant. Disregarding as improperly included in a motion to quash the allegation that Mr. Cooney was not in fact the agent of the defendant, there is no statutory requirement that garnishment process be served upon the defendant.

It is true that jurisdiction over a nonresident in an action in personam cannot be obtained in the

absence of actual service upon or notice to that defendant within the jurisdiction where the process is issued, or upon someone authorized to accept service in that defendant's behalf therein. 42 Am. Jur. 63; *Turkington* v. *First National Bank,* 97 Conn. 303, 307; *Coyne* v. *Plume,* 90 Conn. 293, 297; *Barber* v. *Morgan,* 84 Conn. 618, 620, 626; *Smith* v. *Gilbert,* 71 Conn. 149; *Bartosiewicz* v. *Hartford,* 14 Conn. Sup. 357, 358. "The rule concerning jurisdiction over nonresident defendants in actions in personam is qualified by another to the effect that the attachment of property in this jurisdiction of such persons, even when service is not made upon such a defendant within this state, converts the cause to one quasi in rem to the extent that the property so attached may be appropriated to the satisfaction of any judgment that may be rendered against such nonresident. *Artman* v. *Artman,* 111 Conn. 124, 130; *Barber* v. *Morgan,* supra, 620; *Coyne* v. *Plume,* supra, 297." *Bartosiewicz* v. *Hartford,* supra. The rule is as summarized in the headnote of the leading case of *Veeder Mfg. Co.* v. *Marshall-Sanders Co.,* 79 Conn. 15. "The garnishment of a debt due to a nonresident defendant who does not appear in the suit is in the nature of a proceeding *in rem,* and no service of process upon the defendant is requisite to give the court power to deal with such indebtedness. It is sufficient if the garnishee is duly served . . . and such notice given to the nonresident defendant before trial as is prescribed by [§§ 7807-7810 of the General Statutes]."

It is therefore quite immaterial to the present motion to quash the order for further attachment whether or not the order was served upon the named defendant. While notice to the named defendant is very material before any judgment affecting the garnished debt, service of the garnishment process upon the defendant is not a requisite to the validity

of the garnishment process. *Veeder Mfg. Co.* **v.** *Marshall-Sanders Co.,* supra.

There is, however, merit to the defendant's claim that the process be quashed because it was not returned to court in accordance with statutory requirements. This appears upon the face of the record. The order for further attachment directed that it be returned to court "on or before the first Tuesday of February A.D. 1957." There is no significance in the setting of the first Tuesday of a month as the return day, although such days are the ordinary return days of writs to the Superior Court. Cum. Sup. 1955, § 3146d. Section 8069, which authorizes the supplemental process, expressly provides: ". . . and the court, judge or justice of the peace may, at its or his discretion, issue such an order, directed to a proper officer, stating the amount to be attached, and the time of return, which shall not be later than during the next term or session of such court, . . . after the issuing of the same; which order shall be served and returned in the same manner as an original writ of attachment and when returned shall become a part of the files and record in the action." The officer's return of the supplemental attachment, as appears from the file, was made to the Superior Court on February 4, 1957, which was the day before the first Tuesday of February, 1957. It is the claim of the defendant that the motion to quash must be granted because the process was not returned not later than six days before the return day. This is a valid reason and the motion to quash must be granted on this ground.

Section 8069 expressly provides that any order for attachment issued by a court or judge "shall be served and returned in the same manner as an original writ of attachment." This requirement has appeared in the statute since it was first enacted. Public Acts, 1871, c. 66. Section 7767 of the General

Statutes expressly provides that process in civil actions returnable to the Superior Court "shall be returned . . . to the clerk of such court at least six days before the return day." The statute is mandatory and failure to return the process to court within the time limited renders the attachment proceedings fatally defective. *Daley* v. *Board of Police Commissioners,* 133 Conn. 716, 719; *Hartley* v. *Vitiello,* 113 Conn. 74, 79; *Safford* v. *Morris Metal Products Co.,* 99 Conn. 372, 376; *Chevalier* v. *Wakefield,* 85 Conn. 374, 375; *Dillon* v. *Fahey,* 88 Conn. 605, 607; *Gaylord* v. *Payne,* 3 Conn. 258; *LaMothe* v. *Gordon,* 15 Conn. Sup. 504; *Musial* v. *State,* 3 Conn. Sup. 159, 160.

Because the process in this case was not returned to court within the time limited by statute, the defendant's motion to quash the order of future attachment dated November 27, 1956, and all proceedings taken thereunder is granted.