WILLIAM P. ROGERS, ATTORNEY GENERAL OF THE UNITED STATES OF AMERICA *v.* THE UNION AND NEW HAVEN TRUST COMPANY, ADMINISTRATOR D.B.N., C.T.A. (ESTATE OF ANNA E. HARTMANN), ET AL.

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 90897

Memorandum filed October 29, 1959

*Harry W. Hultgren, Jr.,* United States attorney, and *Henry C. Stone,* assistant United States attorney, for the plaintiff.

*Jeremiah D. Shea,* of New Haven, for the defendants.

ALCORN, J. The grounds of the demurrer are obscure. The first ground is that the plea "sets forth a demand which is not prayed for in the complaint." This is apparently intended to refer to the fact that the plea alleges the amount in demand to be $2081.71 and therefore below the jurisdiction of this court, whereas the complaint claims only a declaratory judgment without disclosing the amount in demand. The allegation in the plea as to the amount in demand is, however, a proper one, serving, as it does, the very purpose of the plea, to bring before the court facts affecting the jurisdiction not apparent on the face of the record. *Murphy* v. *Elms Hotel,* 104 Conn. 351, 354; *O'Brien's Petition,* 79 Conn. 46, 58; *Laraia* v. *Pilgard,* 14 Conn. Sup. 431; *Jepson* v. *Toni Co.,* 20 Conn. Sup. 287, 289. A jurisdictional

defect appearing on the face of the record would be subject to a motion to erase. *Ragali* v. *Holmes,* 111 Conn. 663; *Michelin* v. *MacDonald,* 114 Conn. 582.

The second ground of the demurrer is addressed to "the prayer for relief" because "the defendants are not entitled to such relief for the reason that the Court must find if the Superior Court has no jurisdiction, the Court of Common Pleas has jurisdiction." This is meaningless as a legal attack on the plea, which concludes in the accepted form with a prayer for judgment.

The demurrer is overruled on both grounds.