Although a plea in abatement normally would be the proper pleading by which to attack irregularities in serving a writ as "facts which otherwise would not be apparent to the Court," as pointed out in Laraia v. Pilgard, 14 Conn. Sup. 431, cited by the plaintiff, the writ and complaint herein were not even filed in court until several weeks after the return day, making it impossible for the defendant to file such a plea within the time prescribed by § 82 of the 1951 Practice Book.
Perhaps some other form of motion would be preferable, but the language of the court in Jepsen v.Toni Co., 20 Conn. Sup. 287, 294, seems to indicate the propriety of a motion to quash under such circumstances.
 The motion to quash is granted.