NATIONAL LIFE INSURANCE COMPANY *v.* AMERICAN
SURETY COMPANY OF NEW YORK ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE No. 136551

Memorandum filed February 10, 1964

*Danaher, Lewis & Tamoney,* of Hartford, for
the plaintiff.

*Richard A. Schatz,* of Hartford, for the defendants.

HOUSE, J.  The complaint is in one count and
directed against Constructors of Housing, Inc.,
hereinafter called the contractor, and the surety
company on the contractor's bond.  So far as relevant to this motion, it may be noted that the complaint alleges that the plaintiff and the contractor
entered into a construction contract and the defendant surety company executed a performance bond
in favor of the Hartford Federal Savings and Loan
Association, which was helping to finance the project
as mortgagee. It is alleged that the savings and loan
association assigned its interest in the contract bond,
mortgage and note to Federal National Mortgage
Association, which subsequently assigned all these
interests to the plaintiff. It is then alleged that the
defendant contractor failed properly to perform its

construction contract in certain respects, as a result of which the plaintiff must incur expenses to cure the contractor's defaults. The concluding allegation is to the effect that the plaintiff has given notice to the principal and surety defendants and "said defendants have refused and still refused [sic] to pay under said contract bond dual obligee aforementioned."

In short, this is an action against the principal and surety on a performance bond based upon a claim that there was not proper performance of the contract for performance of which the bond in suit was issued. The suit is on the performance bond, not on the contract for performance of which the bond was given.

The defendant has filed a motion for oyer—that the plaintiff file copies "of all contract documents as referred to in its Complaint to include the so-called Construction Contract—Lump Sum, the Plans and Specifications, and Articles 1-44 of the standard form, current edition of the 'American Institute of Architects.'" The plaintiff has moved to quash the defendant's motion for oyer "for the reason that the copies of the documents requested by the defendant are all within the possession of the defendant."

Provision for a motion to quash first appears in the 1963 Practice Book, § 453, where its use is provided to test the sufficiency of a petition for habeas corpus. As there provided, on such a motion the allegations of the petition are deemed admitted, and it is expressly stated that a motion to quash is not a means by which to test the legal sufficiency of the facts alleged in a return or the answer to the return. For a discussion of motions to quash and their limited function, see *Jepsen* v. *Toni Co.*, 20 Conn. Sup. 287, 289. As there indicated,

where properly used, the motion is equivalent to a demurrer and hence should not set forth facts not already alleged in the earlier pleadings. "Affirmative facts should not be stated in it, the inclusion of such facts making the motion open to the same objection as a speaking demurrer." Id., 290. Hence, in the present instance, the use of a motion to quash including allegations of affirmative fact is improper and the motion cannot be granted.

Perhaps a few comments upon the present pleadings, although obiter dicta, may not be entirely impertinent. The motion for oyer serves but a limited purpose—to require that when "an express agreement is alleged as a ground of action or defense" the adverse party may require that agreement to be filed as an exhibit. Practice Book, 1963, § 103. If the agreement is not filed, it shall be held to rest in parol and no evidence that it was in writing will be received. The use of this motion should not be confused with the discovery process provided by §§ 166 to 175 of the 1963 Practice Book. On a motion for oyer, it is of no significance (as it would be in discovery proceedings) that the moving party may be in possession of the requested documents. Nor is it every contract or agreement that may be mentioned in a pleading that is subject to production on a motion for oyer. Section 103 of the 1963 Practice Book expressly limits the right of the mover for oyer to require the production only of express agreements which are "alleged as a ground of action or defense." It follows that although a motion for oyer may improperly ask for the filing of all sorts of contracts and documents which might properly be the subject of a motion for production under § 168 of the 1963 Practice Book, the adverse party is properly required only to respond to a motion and order which requires the filing of an express agreement which is alleged as a ground of action

or defense. A motion for oyer which seeks more than, or other than, what is provided for by § 103 is improperly filed and hence may be the subject of a motion to expunge under the provisions of § 100, which expressly authorizes the use of such a motion where a pleading has been improperly filed.

It follows, therefore, that in this instance the motion for oyer is improperly filed to the extent, if any, to which it requires the plaintiff to file any document other than an express agreement alleged as a ground of the plaintiff's action, and that the proper way to raise the question of such a defective pleading is not by way of a motion to quash (especially not when such motion alleges affirmative facts) but by means of a motion to expunge.

The specific order which must be entered upon the present motion to quash is that the motion is denied.