THE LYON AND BILLARD COMPANY *v.* EDWARD J. McCARTHY

CIRCUIT COURT

SEVENTH CIRCUIT

FILE No. CV 7-698-14246

Memorandum filed October 16, 1969

*David Brown,* of Meriden, for the plaintiff.

*Alan J. Scheer,* of Southington, for the defendant.

JACOBS, J. This is an action on the common counts begun on July 25, 1969, by attachment of the defendant's real estate. The writ contained a direction to the officer to leave "a true and attested copy of this writ, and of the accompanying complaint . . . , with The Connecticut Bank & Trust Company, The Colonial Bank & Trust Company, The Home National Bank & Trust Company, and/or Laurel Bank & Trust Company, all banking corporations, . . . ." The writ was made returnable on the first Tuesday of August, 1969, before the Circuit Court in the seventh circuit. On August 5, 1969, the defendant filed a general appearance. On August 13, 1969, the defendant filed a motion entitled "Motion for Discharge of Invalid Attachment" upon the ground that the officer's return contained no notice to the defendant that his bank accounts were garnished. It is undisputed that the officer did in fact garnish the defendant's accounts in two banks, viz., The Colonial Bank and Trust Company and The Home National Bank and Trust Company.

We may treat the present motion as a motion to quash, since the parties stipulated and agreed that the "return to defendant" may be considered as an exhibit in a consideration of the motion. "A motion to quash is the usual procedure for dissolving or vacating an attachment where there is some defect or irregularity in the attachment proceedings." *Jepsen* v. *Toni Co.,* 20 Conn. Sup. 287, 290; 6 Am. Jur. 2d, Attachment and Garnishment, § 420. The purpose of the motion to quash is "to afford defend-

ant speedy relief, where he is aggrieved by an order of abuse of the process of the court." 1 Wade, Attachment and Garnishment § 276. "In the absence of a statutory requirement, notice of . . . garnishment proceedings need not be served on defendant, particularly where he has appeared or been served with process in the principal proceeding." 38 C.J.S. 384, Garnishment, § 162.

Section 52-331 of the General Statutes provides that the officer serving process of foreign attachment under §§ 52-331 and 52-332 "shall, at the time of service, make inquiry [of the garnishee] as to the amount then owed by such garnishee to the defendant in said action; and, if said garnishee thereupon discloses . . . whether anything is then owed to such defendant, and if so how much, such officer shall then and there endorse such disclosure on such process as a part of his return thereon." It is further provided that such a disclosure shall excuse the garnishee from appearing, and the court "may, without further proof, find the fact to be as shown by such disclosure." "After serving the garnishee," says Professor Stephenson, "the officer must indorse the process, in the form appearing in Connecticut Civil Officer [citing Joy, Conn. Civ. Officer (19th Ed.), p. 263], and serve the indorsed copy in the same manner as process not initiated by garnishment. Failure to comply with the requirement of serving the defendant defeats the garnishment, even if the defendant by general appearance waives the want of jurisdiction over him." Stephenson, Conn. Civ. Proc. § 27a, p. 56.

A consideration of the statutes cited above leads the court to the conclusion that the return of the officer not only should show that process was served but should contain a particular account of the acts done, substantially as returns are made of the service of other process, to the end that the court may

be able to determine whether the service was made according to law. Thus, for example, where the statute (§ 52-57) provides for service on corporations, it should appear affirmatively by the return upon what person or persons the writ was served so that the court can determine whether process had been properly served on the corporation.[1]

"There are stronger reasons for holding the officer's return to specific recital when the notice is served upon a corporation, than when the service is made on a private individual. The general statement that the garnishee (naming him) was served, approximates more clearly to a precise statement of what the officer had done in the discharge of his duty, than when the same statement is made in reference to service upon a corporation. In the latter case, the statement does not explain itself, and there is abundant opportunity for the officer to be wrong in his conclusions as to what constitutes service upon the garnishee." 2 Wade, Attachment & Garnishment § 363.

---

[1] In its brief, the plaintiff relies heavily on two Connecticut cases, *Veeder Mfg. Co.* v. *Marshall-Sanders Co.*, 79 Conn. 15, and *Jepsen* v. *Toni Co.*, 20 Conn. Sup. 287. In the *Jepsen* case, the court said (p. 293): "It is therefore quite immaterial to the present motion to quash the order for further attachment whether or not the order was served upon the named defendant. While notice to the named defendant is very material before any judgment affecting the garnished debt, service of the garnishment process upon the defendant is not a requisite to the validity of the garnishment process . . . . [Citing *Veeder Mfg. Co.* v. *Marshall-Sanders Co.*, supra, 17]." But these cases involved garnishment process against a nonresident defendant. There is a clear-cut distinction between garnishment against a resident defendant and garnishment against a nonresident defendant. See Stephenson, Conn. Civ. Proc. §§ 27a, b. It is true, of course, as the plaintiff had pointed out, that "[n]o judge or court has the power to order the release of property from the lien of an attachment unless its release is authorized by statute." *Clime* v. *Gregor*, 145 Conn. 74, 76. The failure of an officer, as in the present case, to pay strict observance to the statutory requirements will, however, render the attachment invalid. See *Chapel-High Corporation* v. *Cavallaro*, 141 Conn. 407, 410.

For the reasons set forth herein, the motion to quash must be, and the same is, hereby granted; accordingly, the purported garnishment of the defendant's bank accounts may be, and the same is, hereby ordered vacated and dissolved.