[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION DEFENDANT/GARNISHEE'S MOTION TO STRIKE PLAINTIFFS COMPLAINT/ORDER TO SHOW CAUSE
On February 20, 1995, the Plaintiff, Superior Block Supply Co. (Superior Block), entered into an open account agreement with the named defendant C M Masons, Inc. (C M). Pursuant to the agreement, the plaintiff delivered certain goods and materials to the defendant. The contract price of the delivered goods and materials was $110,339.57. Despite demand for payment, however, the defendant either neglected or refused to pay the plaintiff.
Consequently, on April 16, 1996, the plaintiff filed an Application for Prejudgment remedy to garnish assets due to C M, which were held by Construction Management Associates (CMA), and Haynes Construction Company (Haynes). Thereafter, by agreement of the parties, an order of garnishment in the amount of $90,000. was entered by the court, Handy, J., and on June 4, 1996, CMA was served with the prejudgment remedy order.
On July 16, 1996, CMA moved for permission to release assets due to CM, but the court, Handy, J., denied CMA's motion. Then, on February 5, 1997, the case was withdrawn as to the defendant Haynes. On October 28, 1997, a default was entered by the clerk against CMA and CM, but a motion to open the default was filed on December 8, 1997. The court, Leheny, J., granted the motion as to CMA, but denied the motion as to CM. Consequently, on March 4, 1998, after a hearing in damages, the court, Gaffney, J., rendered judgment for the plaintiff against CM in the amount of $72,897.30 ($66,234.91 in principal and interest, $6,269.19 in attorney's fees, and $393.20 in costs). CM did not appeal the judgment.
To date, the plaintiff has not been paid the amount due, despite repeated oral and written demands on CMA, as garnishee. Thus, at the direction of the court, the plaintiff filed the present "complaint/order to show cause," requesting that CMA disclose its reason for failure to turnover assets it holds that are due to the plaintiff as a result of the judgment rendered on March 4, 1998 against CM.
Presently before the court is CMA's motion to strike the plaintiff's complaint/order to show cause. The defendant argues that although the plaintiff acquired a prejudgment remedy against it in the amount of $90,000.00, the plaintiff's failure to perfect its garnishment through a demand by execution within the sixty day time period pursuant to General Statutes § 52-328(a), dissolved the garnishment by operation of law. Therefore, CT Page 337 CMA argues, since the plaintiff's interest in the garnished assets no longer exists, there can be do dispute between the parties concerning the assets, and CMA is not required to turnover the assets to the plaintiff.
The plaintiff argues in opposition to CMA's motion to strike that it did attempt to comply with General Statutes § 52-328(a), but the court refused to sign or authorize the plaintiff's requests for execution. In fact, the plaintiff argues that the court clerk instructed the plaintiff to file the present complaint/order to show cause, in lieu of the executions, and thus the defendant's motion to strike should be denied.
The plaintiff states in its memorandum of law that its complaint/order to show cause is truly an application for a turnover order for disputed property brought pursuant General Statutes § 52-356c. General Statutes § 52-356c provides in pertinent part: "Determination in interests in disputed property.
(a) Where a dispute exists between the . . . judgment creditor and a third person concerning an interest in personal property sought to be levied on, or where a third person claims that the execution will prejudice this superior interest therein, the judgment creditor [may] . . . upon application . . . for a turn over order, make a claim for determination of interests pursuant to this section." CMA does not dispute the plaintiff's claim that this is a turn over action. Nonetheless, CMA argues that the plaintiff's turn over action is improper. Specifically, CMA argues that the plaintiff no longer has any interest in the garnished assets, because of its failure to execute a demand within the statutorily prescribed period of sixty days pursuant to General Statutes § 52-328(a).[1] Therefore, the motion to strike must be granted.
In order to "demand" that a garnishee turnover garnished assets, a plaintiff must obtain either a bank or personal property execution within sixty days of a final judgment, and then properly serve the garnishee with the execution. SeeBradbury v. Wodjenski, 159 Conn. 366, 368, 269 A.2d 217 (1970);Hayes v. Weisman, 97 Conn. 387, 116 A. 878 (1922). In the present action, there is no question that the plaintiff filed an application for a bank execution with the court clerk on April 2, 1998; twenty-nine days after the judgment was entered against CM. Thereafter, the plaintiff filed an application for a personal property execution on May 13, 1998 with the court clerk; seventy days after the judgment was entered against CM.[2] Both CT Page 338 applications, however, were returned, unsigned by the clerk of the court. Although the file does not indicate the reason why the plaintiff's execution applications were returned unsigned, the plaintiff's application for personal property execution does include the notation: "Judge Gaffney will not authorize signing this." (Pl.'s Obj., attached exhibit.) Therefore, despite the plaintiff's timely attempts to comply with General statutes §52-328(a), it was unsuccessful in acquiring an execution to be served on CMA. Yet, the plaintiff's failure to secure the executions was not due to any lack of diligence on its part, but rather, because the court prevented the plaintiff's compliance with the statute. In fact, only after the court returned the plaintiff's second application for an execution, unsigned, did the plaintiff file the complaint/order to show cause; and that was done only at the direction of the court's clerk.
Therefore, in light of the foregoing, the plaintiff should not be barred from seeking a turnover order for assets held by CMA as a result of its failure to acquire an execution within sixty days of the final judgment. The plaintiff attempted, within the sixty day time period to acquire not one, but two executions, in the hopes of perfecting its prejudgment garnishment. The court, however, refused to sign the plaintiff's execution applications, and as a result the plaintiff was denied any ability to comply with the statute. Thereafter, at the direction of the court's clerk, the plaintiff filed the complaint/order to show cause. Now, the defendant would have the court strike the plaintiff's complaint/order to show cause as a result of the plaintiff's failure to satisfy a statutory requirement, which, because of the court's refusal to authorize the plaintiff's execution applications, could not possibly have been complied with.
Accordingly, the defendant's motion to strike the plaintiff's complaint/order to show cause is denied.
DAVID W. SKOLNICK, JUDGE